**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| NETSCAPE COMMUNICATIONS CORP., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:09-cv-225-TSE-TRJ |
| ) | |
| v. ) | |
| ) | |
| VALUECLICK, INC., MEDIAPLEX, INC., ) | |
| FASTCLICK, INC., COMMISSION ) | |
| JUNCTION, INC., MEZIMEDIA, INC., ) | |
| and WEB CLIENTS, L.L.C., ) | |
| ) | |
| Defendants. ) | |

**JOINT PROPOSED DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26, and this Court's Order dated April 16, 2009, the parties hereby set forth their joint discovery plan in connection with the Rule 16(b) conference currently scheduled for May 13, 2009. The parties have held an initial Rule 26(f) conference by telephone on April 30, 2009, attended by John Williamson, Greg Gramenopoulos, and Nick Nugent for Plaintiff Netscape Communications Corp., and Lawrence Kurland, Joseph Richetti, Alec Farr, and Shelia Costin for Defendants ValueClick, Inc., and FastClick, Inc. The parties have held additional conferences on May 4, 2009, and May 6, 2009. Plaintiff Netscape and defendants ValueClick and FastClick have reached agreement on all issues set forth herein with three exceptions: (1) whether jurisdictional discovery counts against the discovery limits governing this case, (2) the appropriate limits for depositions and deposition time, and (3) the timing of the final pretrial conference.

With respect to the other named Defendants, MediaPlex, Inc., Commission Junction, Inc., MeziMedia, Inc., and Web Clients, L.L.C. (hereinafter collectively referred to as "the other named defendants"), the Court, held a hearing on April 24, 2009, on Defendants' Motion to

Dismiss or in the Alternative Transfer to the Central District of California, and in an Order dated April 24, 2009, Docket # 42, denied Defendants' Motion with respect to Defendants Valueclick, Inc. and Fastclick, Inc., but deferred in all other respects pending the submission of supplemental briefs in compliance with the schedule as set forth in the Order, which provides for thirty days of jurisdictional discovery as to the other named defendants and for the Plaintiff to submit its supplemental brief with respect to (a)(3) and (a)(4) issues by June 5, 2009, and defendants to respond by June 17, 2009. The Court further limited any discovery of the other named defendants at this time to the thirty days of jurisdictional discovery, precluding any discovery of the other named defendants on the merits pending further ruling of this Court on Defendants' Motion with respect to the other named defendants. Accordingly, as used herein, pending further ruling of the Court, the term "the parties" and/or the term "defendant" or defendants" as used herein shall be limited solely to Plaintiff Netscape Communications Corp., and Defendants Valueclick, Inc. and Fastclick, Inc. unless otherwise specifically indicated herein. Nothing set forth herein shall provide for merits based discovery on the other named defendants prior to a final determination of personal jurisdiction by the Court.

**Defendants' Preliminary Statement**

On April 29, 2009, Defendants filed a Motion to Reconsider the Court's Ruling that Plaintiff Established a Prima Facie Case of Specific Jurisdiction against Valueclick, Inc. and Fastclick, Inc. On May 1, 2009, the Court entered an Order that it remains of the view "at the moment" that the current record supports the finding of a prima facie case of specific jurisdiction with respect to Valueclick and Fastclick but finding (1) that such a *prima facie* finding is rebuttable; (2) Valueclick and Fastclick may attempt to rebut that presumption in accordance with the schedule already set for supplemental briefing; (3) defendants may re-file their motion

2

for reconsideration on June 5, 2009 and plaintiffs may respond on June 17, 2009; (4) a hearing will be held on the motion to reconsider on June 26, 2009; and (5) that while there was no good cause to postpone the May 13, 2009 pretrial conference nor delay discovery on all jurisdictional issues by either plaintiff or defendants, "the scheduling of merits discovery, including whether such discovery should proceed forthwith or be delayed pending completion of jurisdictional discovery, is left to the discretion of the Magistrate Judge." Also left to the Magistrate Judge's discretion was whether the final pretrial conference, currently scheduled for July 16, 2009, should be postponed or rescheduled.

Pursuant to the Court's May 1, Order, the Defendants respectfully request that the final pretrial conference, currently scheduled for July 16, 2009 be postponed until August 20, 2009 and the deadline for the conclusion of discovery be postponed until August 10, 2009. This modest extension of the deadlines set forth in the Court's April 16, 2009 Scheduling Order will permit the parties, as set forth in detail below, to conduct written and third party discovery but to defer depositions of party witnesses until after the Court issues its final ruling on Defendants' motion to dismiss as to the other named defendants and the motion for reconsideration by Valueclick and Fastclick to be heard on June 26, 2009.

**Plaintiff's Preliminary Statement**

Plaintiff disagrees with the Defendants' position and contends that the July 16, 2009, final pretrial conference should remain as scheduled. Moreover, even if the Court determines to postpone the final pretrial conference, Plaintiff contends that there is no reason to preclude Plaintiff from taking depositions of defendants Valueclick and Fastclick until after the Court decides those defendants' second motion for reconsideration as to jurisdiction.

**Parties Agreed Proposed Discovery Plan**

The parties agree as follows:

1. **Protective Order.** The parties shall submit a stipulated Protective Order on or before **May 13, 2009**, or should they fail to agree, by that date they shall file any motions for entry of a protective order, noticed for hearing by **May 22, 2009**. The parties (including the other named defendants) agree that until the Court enters a Protective Order, all documents produced pursuant to this Plan and in response to discovery requests shall be treated by the receiving party as Outside Attorneys' Eyes Only. In no event shall any party (including the other named defendants) withhold producing its documents based on confidentiality concerns (other than third-party obligations) or the fact that the Protective Order has not yet been entered. The Protective Order shall apply to any jurisdictional discovery ordered by the Court of the other named defendants, including any documents produced by the other named defendants in connection with such jurisdictional discovery.

2. **Jurisdictional Discovery.** The parties (including the other named defendants) have been unable to reach agreement as to whether, and to what extent, the jurisdictional discovery should count against each parties' discovery limits.

    - **Plaintiff's Position.** Jurisdictional discovery taken pursuant to the Court's April 24 and May 1, 2009, Orders shall not count toward any discovery limits.

    - **Defendants' Position.** Jurisdictional discovery up to a total of seven (7) hours of deposition in toto of the other named defendants taken pursuant to the Court's April 24 and May 1, 2009 Orders shall not count toward any discovery limits.

3. **Initial Disclosures.** The parties shall exchange initial disclosures pursuant to Rule 26(a)(1) on or before **May 13, 2009**.

4. **Preliminary Infringement Disclosures.**  Plaintiff shall provide the following disclosures on or before **May 27, 2009**.

    (a)    A claim chart identifying specifically:

        (i)    where each limitation of each asserted claim is found within each of the accused products, including for each limitation that Plaintiff contends is governed by 35 U.S.C. § 112(6) (means-plus-function); and

        (ii)    the identity of the structure(s), act(s), element(s), step(s), or material(s) in the accused product(s) or device(s) that corresponds to the structure identified in the patent specification that performs the claimed function.

    (b)    The Plaintiff will also disclose whether each limitation of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused products.

    (c)    The Plaintiff will also disclose the date of conception and the date of reduction to practice of each asserted claim.

    (d)    The Plaintiff will disclose the dates of first public use, first sale and first offer for sale of a device that embodies the inventions defined in the asserted claims.

    (e)    In addition to the above disclosures, Plaintiff will produce, or make available for inspection and copying, the following (together with any English translations of such documents completed prior to the date of such disclosures):

        (i)    a copy of the file history for each patent;

    (ii)    all licenses for each patent (current or expired) which do not have any confidentiality provision or which Plaintiff has been able to obtain permission to produce without an order of the Court (this does not limit defendant's right to seek all licenses through discovery);

    (iii)    all rulings in any other cases in which the patents have been asserted regarding claim construction, validity, infringement, license defense, enforceability, and any other defenses;

    (iv)    documents sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of, or offer to sell, the claimed invention prior to the date of application for the patent-in-suit.  Plaintiff's production of these documents shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

    (v)    all documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application or the priority date identified in the patent-in-suit;

5. **Amended Pleadings.**  The parties may amend the pleadings, including joining other parties, in accordance with Fed. R. Civ. P. 15.

6. **Preliminary Invalidity and Non-Infringement Disclosures.**  Defendants shall provide the following disclosures on or before **June 10, 2009**.

    (a)    To the extent these items are in the defendants' possession, custody, or control, one sample of each accused products made, sold, used, and/or imported in

6

the United States. If a sample is not available or would be unduly burdensome to produce, defendant will make available for plaintiff's inspection the accused products (this does not limit plaintiff's right to seek other samples and drawings through discovery).

(b)     Documents reflecting the quantity of each of the accused infringing products that it made, sold, and/or imported in the United States during the six years prior to the filing of the complaint.

(c)     Each item or combination of prior art that defendant contends anticipates each specified claim.

(d)     Each item or combination of prior art that defendant contends renders each specified claim obvious, the basis therefore, and, where applicable, documents evidencing the motivation to combine such items.

(e)     A chart identifying specifically in each alleged item of prior art where each limitation of each asserted claim is found, including for each limitation that defendant contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), element(s), step(s), or material(s) in each item of prior art that corresponds to the structure identified in the patent that performs the claimed function.

(f)     Any grounds of invalidity for any of the asserted claims based on indefiniteness under 35 U.S.C. § 112(2), or enablement or written description under 35 U.S.C. § 112(1).

      (g)    A copy of each item of prior art identified by the defendant that does not appear in the file history of the patent(s) at issue (together with any English translations of such documents completed prior to the date of such disclosures).

The foregoing disclosure requirements do not limit the parties' rights to initiate or oppose discovery, nor limit their rights to timely supplement or otherwise amend their disclosures for cause shown based on discovery.

    7.    **Effect of Pending Motions on Preliminary Invalidity and Non-Infringement Disclosures.**  Following jurisdictional discovery and supplemental briefing as to the other named defendants (which will be complete on June 17, 2009), should this Court deny Defendants' Motion to Dismiss or in the Alternative Transfer to the Central District of California, the other named defendants will produce the foregoing disclosures (Preliminary Invalidity and Non-Infringement Disclosures) within 5 business days of the denial.

    8.    **Electronically Stored Information.**

*Parties and Counsel:* The parties and their counsel shall identify, retain, and preserve all electronic media in their possession, custody, or control that contain data, files, and communications relevant to the claims and defenses in this case, from all reasonably identifiable sources (including but not limited to mainframe computers, servers, laptops, work stations, and personal digital assistants).  The parties shall notify all potential individual users of computer equipment or the data, files, and communications of the immediate need to preserve all existing data, files, and communications.

*Experts*: Any testifying experts retained by the parties shall retain and preserve all electronic media in their possession, custody, or control that contain data, files, and communications relevant

to the claims and defenses in this case which they are relying upon. The parties agree that drafts of expert reports do not have to be provided during discovery.

      9.    **Production of Electronic Files and Data and Other Discoverable Materials.**

For purposes of the discovery of electronic files and data, the parties agree to be governed by the Federal Rules of Civil Procedure. All data, files, and communications that, in the ordinary course of business, are recorded in electronic media (including, but not limited to, electronic mail and attachments, word processing files, and spreadsheets) may be produced in native file format, in TIFF format with corresponding load files, or in PDF format. Additionally, the electronic documents will be marked with appropriate production numbers and confidentiality designations. All data, files, and communications that, in the ordinary course of business, are recorded in other media (microfiche, paper, etc.), shall be produced as either image files (*e.g.*, PDF or TIFF) or as paper files. Voice mails need not be searched, accessed, or produced in response to any discovery request. The media to be used in the production of electronically stored information shall be hard drive (HDD), CD-ROM, or DVD-ROM or equivalent thereof. If responsive deleted information still exists, and if restoration of it is needed, the costs of access and restoration shall be borne by the requesting party. If back-up and archival data exists, and if production of it is needed, the costs of access and production shall be borne by the requesting party.

      10.    **Requesting Electronically Stored Information From Third Parties.**

The parties will informally attempt to meet and confer with any non-party (or counsel, if represented) from whom any electronically stored information is requested, to discuss the issues of format, media, burdens, and costs.

      11.    **Claims of Privilege or Protection of Trial Preparation Material.**

The responding party to discovery shall provide a privilege log for all material for which a privilege is claimed. The log will set forth bates number (if any) of the privileged document and: (1) the date of its creation; (2) its author(s); (3) its recipient(s); and (4) a brief general description of the document along with the basis for the privilege assertion. No party will be required to put on the privilege log documents that chronicle communications between the parties and their respective counsel made in relation to or in anticipation of this litigation if such documents were generated after the filing of the Complaint, except opinions of counsel with respect to infringement, validity, or enforceability upon which the party intends to rely at trial. The parties shall make a good-faith effort to provide a privilege log at the time of production, with the specific understanding that the production of documents themselves may be promptly done on a "rolling" basis and, as such, corresponding updates and amendments to privilege logs may be expected.

Inadvertent production of privileged material shall not be deemed a waiver of any privilege, as long as the producing party, upon promptly discovering such inadvertent production, promptly notifies the receiving party that it has inadvertently produced privileged material, identifies the specific material inadvertently produced, and provides a written request for the return of the inadvertently produced material. Within three business days of such notification, the receiving party shall either return the same or notify the producing party that it disagrees that the identified material should be returned and the reasons therefor. In the event of a dispute, the party making the inadvertent production shall bear the burden of seeking relief from the Court and of proving that the materials or information at issue should be treated as privilege or protected material, and that there otherwise has been no waiver and if it does not do so within five (5) days of the refusal of the receiving party to return the alleged inadvertently

produced documents, then any privilege with respect thereto is deemed waived. After receiving notification from the producing party of such inadvertent production, the receiving party shall not make use of the identified document unless and until the asserted privilege with respect thereto is deemed waived or unless otherwise ordered by the Court.

12. **Expert Disclosures.**

The parties shall exchange expert disclosures pursuant to Rule 26(a)(2) on all issues on which they bear the burden of proof by **June 26, 2009 [July 24, 2009]**[1]. The parties shall exchange rebuttal expert disclosures by **July 3, 2009 [August 4, 2009]**, and shall complete expert depositions by **July 10, 2009 [August 14, 2009]**.

13. **Discovery of Expert-Related Materials.**

Discovery of expert-related materials shall be limited as follows:

    a. No notes, drafts, draft reports, or other types of preliminary written work by or for experts concerning the subject matter of this civil action will be the subject of discovery or inquiry, including at trial.

    b. No communications, whether written or oral, between counsel for a party and an expert retained by the party (or their support staff) will be the subject of discovery or inquiry, including at trial; provided, however, that the factual information or data and prior art provided to an expert for use in forming his or her opinions shall be discoverable, regardless of whether supplied by counsel.

---

[1] The parties have agreed upon two sets of deadlines keyed to the scheduling of the pretrial conference. The earlier dates represent the agreed deadlines under the currently scheduled pretrial conference. The later dates represent the agreed deadlines should the Court postpone the pretrial conference.

    c.     Notwithstanding sub-paragraphs (a) and (b), the following information shall be subject to discovery and inquiry, including at trial:

        i.     factual information or data and prior art provided to an expert for use in forming his or her opinions;

        ii.     the existence and contents of any communications between any expert and fact witness at any time; and

        iii.     any subject matter upon which the retained expert will be testifying as a percipient or fact witness.

14.    **Service of Pleadings, Motions, Other Papers, and Discovery Requests and Responses.**

The parties shall serve all pleadings, motions, and other papers on the other party electronically as provided by the Federal Rules and Local Rules. In addition, the parties agree to serve by e-mail all discovery requests and written responses and any other papers that are not filed. The serving party shall attach the pleading paper in Portable Document Format (PDF) or other form of electronic file; if transmission of voluminous materials as an e-mail attachment is impractical, then those materials shall be served overnight delivery via a service with the ability to "track" deliveries and verify receipt. The parties agree that, for all service required in this lawsuit, service by electronic means shall be deemed equivalent to hand delivery.

15.    **Discovery Limits.**

In addition to the limitations on discovery imposed by the Federal Rules and in the Court's April 16, 2009 Order, the parties further agree as follows:

    a.     The parties shall serve all written discovery requests (excluding notices of deposition) by **June 10, 2009**. The parties agree that (1) each side (Plaintiff being one side and the defendants, collectively, being another

12

        side) will be permitted to serve 10 common interrogatories, (2) each defendant will be entitled to serve 20 additional (non-cumulative) interrogatories on the plaintiff, and (3) the plaintiff will be entitled to serve 20 additional (non-cumulative) interrogatories on each defendant.

b.     The parties agree that the deadline for objections to discovery requests shall be fifteen (15) days of service of the requests and the deadline for substantive responses shall be thirty (30) days from service of the requests.

c.     **Deposition Limits (Disputed)**

    **Plaintiff's Proposal:**

- Each side (Plaintiff being one side and the defendants, collectively, being another side) will be permitted 175 hours for depositions of fact witnesses (including depositions of individuals taken pursuant to Rule 30(b)(1) and depositions of parties taken pursuant to Rule 30(b)(6)).

- Each 7 hours of deposition taken pursuant to Rule 30(b)(6) shall constitute one deposition, irrespective of the number of corporate representatives designated to testify on behalf of the corporation or the number of Rule 30(b)(6) notices issued. The parties agree to identify all corporate representatives at least three (3) days prior to their deposition. A personal deposition served upon an individual that is testifying as a corporate representative shall not constitute a separate deposition for purposes of this section. Depositions of Plaintiff pursuant to Fed. R. Civ. P. 30(b)(6) shall be limited to a maximum of 70 hours and depositions of any defendant pursuant to Fed. R. Civ. P. 30(b)(6) shall be limited to a maximum of 35 hours.

    **Defendant's Proposal**

- Each side (Plaintiff being one side and the defendants, collectively, being another side) will be permitted 10 depositions of party witnesses and 15 depositions of non-party witnesses for a total of 25 depositions of fact witnesses per side. No party shall use more than 5 of their 10 party depositions on another individual party (i.e.,

> Plaintiff will take no more than 5 depositions of any one of the Defendants and no single Defendant shall take more than 5 depositions of Plaintiff). The definition of "party witness" includes depositions of corporate entities pursuant to Fed. R. Civ. P. 30(b)(6) and depositions of individuals employed by a party pursuant to Fed. R. Civ. P. 30(b)(1).
>
> - Each 7 hours of deposition taken pursuant to Rule 30(b)(6) shall constitute one deposition, irrespective of the number of corporate representatives designated to testify on behalf of the corporation or the number of Rule 30(b)(6) notices issued. The parties agree to identify all corporate representatives at least three (3) days prior to their deposition.
>
> - Depositions of party witnesses shall be deferred until after the Court issues an order deciding the renewed motion for reconsideration by Valueclick and Fastclick and the motion to dismiss by the other named defendants.

    d.    All discovery shall be completed by **July 10, 2009 [August 10, 2009]**.

16.    **Final Pretrial Conference.** Pursuant to the Court's April 16, 2009 Order, the Final Pretrial Conference shall be conducted on **July 16, 2009 [August 20, 2009]**.

17.    **Pretrial Disclosures.** Pursuant to the Court's April 16, 2009 Order, the parties shall file Rule 26(a)(3) pretrial disclosures and a list of exhibits to be used at trial on or before **July 16, 2009 [August 17, 2009]**. All objections to Rule 26(a)(3) Pretrial Disclosures, including trial exhibits, shall be filed and served no later than **July 23, 2009 [August 24, 2009]**.

18.    *Daubert* **Motions.** The parties shall file any *Daubert* motions on or before **July 23, 2009 [August 24, 2009]**, with briefing as provided for by Local Rule 7.

19.    **Claim Construction Briefing.** On **July 27, 2009 [August 27, 2009]**, the parties shall simultaneously exchange (1) a list of claim terms that each party believes should be construed by the Court, (2) proposed constructions for each claim term, and (3) an identification of intrinsic support for each proposed construction. The parties shall meet and confer on **July 29, 2009**

**[August 31, 2009]**, in a good faith effort to narrow claim construction disputes. The parties shall exchange and file opening briefs and any evidence supporting their claim constructions by 5:00 p.m. on **August 3, 2009 [September 4, 2009]**. The parties shall exchange and file their responsive briefs and supporting evidence by 11:00 p.m. on **August 10, 2009 [September 11, 2009]**.

20. **Dispositive Motions.** The parties shall serve and file dispositive motions, opening briefs, and any evidence in support thereof by 5:00 p.m. on **August 14, 2009 [September 14, 2009]**. The parties shall serve and file their responsive briefs in opposition to the dispositive motions and supporting evidence by 5:00 p.m. on **August 21, 2009 [September 21, 2009]**. The parties shall file any reply briefs and any evidence directly rebutting the supporting evidence contained in the responsive briefs by 5:00 p.m. on **August 26, 2009 [September 28, 2009].**

21. **Magistrate Judge.** The parties do not consent to the exercise of jurisdiction by a United States Magistrate Judge for trial and entry of final judgment.

22. **Jury Trial.** A jury trial has been demanded. Plaintiff anticipates that the trial will last approximately 4 days. Defendants anticipate that the trial will last approximately 7 days.

Date:  May 6, 2009                                             Respectfully submitted,


                                                               /s/ Robert L. Burns
                                                               Robert L. Burns (VSB # 65159)
                                                               Umar Arshad (VSB #74638)
                                                               FINNEGAN, HENDERSON, FARABOW,
                                                                  GARRETT & DUNNER, LLP
                                                               Two Freedom Square
                                                               11955 Freedom Dr.
                                                               Reston, VA 20190
                                                               Phone: (571)-203-2700
                                                               Fax: (202) 408-4400

        robert.burns@finnegan.com
        umar.arshad@finnegan.com

        Gerald F. Ivey (DCB #367009)
        C. Gregory Gramenopoulos (VSB #38633)
        John M. Williamson (DCB #472713)
        FINNEGAN, HENDERSON, FARABOW,
           GARRETT & DUNNER, LLP
        901 New York Ave., NW
        Washington, DC 20001
        Phone: (202) 408-4000
        Fax: (202) 408-4400
        gerald.ivey@finnegan.com
        c.gregory.gramenopoulos@finnegan.com
        john.williamson@finnegan.com

        **Attorneys for Plaintiff**
        **Netscape Communications Corp.**


          /s/  Amy S. Owen
Amy S. Owen (VSB #27692)
aowen@cochranowen.com
Sheila M. Costin (VSB #65923)
bselan@cochranowen.com
Cochran & Owen LLC
8000 Towers Crescent Drive
Suite 160
Vienna, VA 22182
Ph:  (703) 847-4480
Fx:  (703) 847-4499

Lawrence G. Kurland
Joseph J. Richetti
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York  10104-3300
(p) (212) 541-2000
(f) (212) 541-4630

*Counsel* for ValueClick, Inc., Mediaplex, Inc.,
Fastclick, Inc., Commission Junction, Inc.,
MeziMedia, Inc. and Web Clients, LLC

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of May, 2009, I will electronically file the foregoing **Joint Proposed Discovery Plan** with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Amy S. Owen
aowen@cochranowen.com
Sheila M. Costin
bselan@cochranowen.com
Cochran & Owen LLC
8000 Towers Crescent Drive
Suite 160
Vienna, VA 22182
Ph: (703) 847-4480
Fx: (703) 847-4499

Lawrence G. Kurland
Joseph J. Richetti
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104-3300
(p) (212) 541-2000
(f) (212) 541-4630

**Attorneys for Defendants**

      /s/ Robert L. Burns
Robert L. Burns (VSB # 65159)
Umar Arshad (VSB #74638)
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Dr.
Reston, VA 20190
Phone: (571)-203-2700
Fax: (202) 408-4400
robert.burns@finnegan.com
umar.arshad@finnegan.com

Gerald F. Ivey (DCB #367009)
C. Gregory Gramenopoulos (VSB #38633)
John M. Williamson (DCB #472713)

> FINNEGAN, HENDERSON, FARABOW,
>   GARRETT & DUNNER, LLP
> 901 New York Ave., NW
> Washington, DC 20001
> Phone: (202) 408-4000
> Fax: (202) 408-4400
> gerald.ivey@finnegan.com
> c.gregory.gramenopoulos@finnegan.com
> john.williamson@finnegan.com
>
> **Attorneys for Plaintiff**
> **Netscape Communications Corp.**