IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| NETSCAPE COMMUNICATIONS CORP. ) ) ) Plaintiff, ) ) v. ) ) VALUECLICK, INC., et al. ) ) Defendants. ) ) | Civil Action No.1:09 CV 225 TSE/TRJ |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER REQUIRING PRODUCTION OF CERTAIN DISCOVERY ON AN ATTORNEY'S EYES ONLY BASIS

Defendants oppose Plaintiff's Motion for an Order Requiring Production of Certain Discovery on an Attorney's Eyes Only Basis for the following reasons.

Pursuant to the Court's April 24 and May 1, 2009 Orders, the parties are conducting jurisdictional discovery on an expedited basis. As of this date, no protective order has been entered by the Court. The parties are producing documents subject to an informal agreement that they will be treated as "Confidential – Attorney's Eyes Only" pending the entry of such a protective order.

Some of Plaintiff's document requests call for the production of information relating to third parties in the possession, custody and control of Defendants. Plaintiff has requested, inter alia, all agreements with Virginia residents (Request No. 4), all documents relating to any advertising or marketing of relevant services in Virginia (Request No. 5), all documents relating to any communications with actual or potential users, customers or purchasers of the Relevant Products and Services in Virginia

(Request No. 6) and "all documents and things relating to any revenues or profits derived in any way from the sale or offer for sale, or license of any of the Relevant Products or Services to Virginia Residents." (Request No. 8). See Plaintiff Netscape Communication Corp's First Requests for Production of Documents and Things Relevant to Jurisdiction to Defendant Mezimedia, Inc. (Nos. 1-10), attached as Exhibit A.

Defendants' efforts to respond to Plaintiff's requests are ongoing but they have confirmed that at least some of the third party documents Plaintiff seeks to have produced were created or were given to Defendants pursuant to written contracts that contain confidentiality provisions. As an example, several of the contracts contain provisions which state specifically that the contracting Defendant must "not disclose any Confidential Information of the other party to any third party without the other's prior written permission." Other provisions require Defendants to contact the third party in advance of any production and give them the opportunity to intervene in this proceeding to protect their confidential information. Defendants have begun the process of contacting their contracting parties to seek permission for production but cannot control when they will receive responses and what those responses will be.

While Defendants acknowledge their obligation to provide expedited jurisdictional discovery, they are compelled by these contracts to withhold producing third party information absent a Court order requiring them to produce the documents notwithstanding the confidentiality provisions. Producing the documents subject to an informal agreement that they be treated as "Confidential -- Attorney's Eyes Only" would not appear to be sufficient to satisfy the contracts as written.

2

It is for this reason that Defendants are withholding or will withhold the production of certain third party documents until the Court has issued an order compelling production on an Attorney's Eyes Only basis or until Defendants have obtained permission to produce from the third parties in question. Until such permission is received, Defendants are compelled to oppose Plaintiff's motion.

Respectfully submitted,

Dated: May 12, 2009

/s/ Amy S. Owen
Amy S. Owen (VSB #27692)
aowen@cochranowen.com
Sheila M. Costin (VSB #31452)
scostin@cochranowen.com
Cochran & Owen LLC
8000 Towers Crescent Drive
Suite 160
Vienna, VA 22182
Ph: (703) 847-4480
Fx: (703) 847-4499

Lawrence G. Kurland
Joseph J. Richetti
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104-3300
Ph: (212) 541-2000
Fx: (212) 541-4630

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Opposition was served this 12th day of May, 2009 via electronic filing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Robert L. Burns
>Umar Arshad
>FINNEGAN HENDERSON FARABOW
>GARRETT & DUNNER, LLP
>Two Freedom Square
>11955 Freedom Drive
>Reston, Virginia 20190
>robert.burns@finnegan.com
>
>Gerald F. Iwey
>C. Gregory Gramenopoulos
>John Williamson
>FINNEGAN HENDERSON FARABOW
>GARRETT & DUNNER, LLP
>901 New York Avenue, NW
>Washington, DC 20001
>*Counsel for Netscape Communications Corp.*

>　　　　/s/ Amy S. Owen　　　　
>Amy S. Owen (Bar #27692)
>aowen@cochranowen.com
>Sheila M. Costin (Bar #31452)
>scostin@cochranowen.com
>COCHRAN & OWEN, LLC
>8000 Towers Crescent Drive, Suite 160
>Vienna, Virginia 22182
>(703) 847-4480 (office)
>(703) 847-4499 (facsimile)