**IN THE UNITED STATE DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| NETSCAPE COMMUNICATIONS<br>CORP. | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | Civil Action No. 1:09 CV 225<br>TSE/TRJ |
| VALUECLICK, INC., et al., | ) <br> ) | |
| Defendants. | ) | |

**VALUECLICK, INC. and FASTCLICK, INC.'s**
**ANSWER, DEFENSES AND COUNTERCLAIMS**
**TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants ValueClick, Inc. ("ValueClick") and FastClick, Inc. ("FastClick")

(collectively "Answering Defendants") hereby answer the Complaint of Plaintiff Netscape

Communications Corp. ("Netscape") against ValueClick, Mediaplex, Inc., FastClick,

Commission Junction, Inc., MeziMedia, Inc. and Webclients, L.L.C. (collectively

"Defendants"), filed February 27, 2009, pursuant to the Court's Orders of May 1, 2009 and May

12, 2009. In accordance with such Orders, Answering Defendants do not submit to the

jurisdiction of this Court by the filing of this responsive pleading and reserve their right to

renew their motion for reconsideration on June 5, 2009, the date set by the Court in its Order of

May 1, 2009. With respect to the other named defendants, Mediaplex, Commission Junction,

MeziMedia, and Webclients (collectively "Non-Answering Defendants"), no responsive

pleading is due until after the Court finally rules on the pending motion to dismiss with respect

to the Non-Answering Defendants.  Accordingly, Answering Defendants set forth their defenses and counterclaims, as follows:

      1.     Answering Defendants admit that Netscape is a Delaware corporation. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1 of the Complaint and, therefore, deny each and every other allegation set forth therein.

      2.     ValueClick  admits the allegations set forth in paragraph 2 of the Complaint.

      3.     ValueClick admits the allegations set forth in paragraph 3 of the Complaint.

      4.     FastClick admits the allegations set forth in paragraph 4 of the Complaint.

      5.     ValueClick admits the allegations set forth in paragraph 5 of the Complaint.

      6.     ValueClick admits the allegations set forth in paragraph 6 of the Complaint.

      7.     ValueClick admits the allegations set forth in paragraph 7 of the Complaint.

      8.     Answering Defendants admit the allegations set forth in paragraph 8 of the Complaint.

      9.     Answering Defendants deny the allegations set forth in paragraph 9 of the Complaint  and refer to the Court's Orders of May 1, 2009 and May 12, 2009 giving the Answering Defendants the opportunity to renew their motion for reconsideration by June 5, 2009 and to be heard thereon on June 26, 2009.  Further, to the extent the allegations set forth in paragraph 9 call for a legal conclusion, no response is required.

      10.     Answering Defendants deny the allegations set forth in paragraph 10 of the Complaint and refer the Court to their response to the allegations in paragraph 9 as set forth herein.

11.    Answering Defendants repeat their responses to the allegations in paragraphs 1 through 10 of the Complaint as set forth herein.

12.    Answering Defendants admit that on its face the title page of United States Patent No. 5,774,670 (the "'670 patent") states that the '670 patent issued on June 30, 1998, is titled "Persistent Client State In A Hypertext Transfer Protocol Based Client-Server System" and lists Netscape as assignee, and that Exhibit A appears to be a copy of the '670 patent. Answering Defendants are without knowledge or information sufficient to form a belief as to truth of the remaining allegations set forth in paragraph 12 of the Complaint and, therefore, deny each and every other allegation set forth therein.

13.    ValueClick admits that it and its subsidiaries provide online marketing services in the United States for various business segments including, *inter alia,* advertising campaigns to advertisers.  With respect to the remaining allegations, as presently understood, Answering Defendants deny such allegations.

14.    Answering Defendants deny the allegations set forth in paragraph 14 of the Complaint.

15.    Answering Defendants deny the allegations set forth in paragraph 15 of the Complaint.

16.    Answering Defendants deny the allegations set forth in paragraph 16 of the Complaint.

17.    Answering Defendants deny the allegations set forth in paragraph 17 of the Complaint.

WHEREFORE, Answering Defendants respectfully request that the Court dismiss Netscape's Complaint, deny any judgment against ValueClick or FastClick, and respectfully

3

request that it be awarded its costs in this action and such further relief as this Court deems just and proper in the circumstances.

Answering Defendants respectfully request a trial by jury of all issues in this action so triable.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, and as additional affirmative defenses thereto, Answering Defendants, ValueClick and FastClick, assert the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on Netscape. Answering Defendants reserve the right to amend their Answer, should they continue to remain in the case, as additional information becomes available:

<u>First Affirmative Defense</u>
(Failure to State a Claim)

18.    Answering Defendants state that the Complaint fails to state a claim upon which relief may be granted.

<u>Second Affirmative Defense</u>
(Noninfringement)

19.    Answering Defendants products and services do not directly or indirectly infringe any valid or enforceable claim of the '670 patent. For example, one or more elements of the claims as properly construed is not present in any product or service made, used, sold and/or offered for sale by either of the Answering Defendants. Furthermore, no single actor or entity is capable of infringing any of claims 1-8 and 11-13 and, thus, none of the Answering Defendants, nor any other party, can directly infringe these claims. Moreover, because these claims cannot be directly infringed, none of the Answering Defendants can be liable for contributory infringing or inducing the infringement of these claims.

4

Third Affirmative Defense
(Invalidity)

20.    On information and belief, Answering Defendants state that Netscape is wholly or partially barred from the relief that it seeks because the '670 patent is invalid as to each of the claims thereof for failure to comply with the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, *et seq.* including, but not limited to §§ 101, 102, 103, 112 and 116.

21.    By way of example, one or more claims of the '670 Patent may be non-statutory, such as not being directed to patentable subject matter under the Patent Laws.

22.    By way of further example, one or more claims of the '670 patent are anticipated by and/or rendered obvious under the Patent Laws in view of the prior art existing at the time of the alleged invention, including but not limited to the previously known prior art Unix-based "magic cookies," which were known in the art for more than one year before the date of the filing of the application that matured into the '670 patent.

23.    By way of still further example, one or more claims of the '670 patent are anticipated by and/or rendered obvious under the Patent Laws in light of commercially available prior art browsers that, on information and belief, were publicly available and released by Netscape more than one year prior to the date of filing of the application that matured into the '670 patent, and that implemented the same alleged invention claimed in the '670 patent.

24.    Furthermore, on information and belief, the '670 patent intentionally fails to name the correct inventive entity.

5

Fourth Affirmative Defense
(Unenforceability Due to Waiver)

25.    Answering Defendants state that the '670 patent is unenforceable due to the failure of Netscape and/or the named inventor, Lou Montulli, during the time the industry standards relating to "cookies" were being considered and/or promulgated by the Internet Engineering Task Force ("IETF") standards setting body, to disclose the existence of any patent protection they had obtained and/or were seeking on the subject matter of such standards despite their active involvement in the IETF and the promulgation of such standards, and despite the fact that the IETF's policies required such disclosure.[1]

26.    On information and belief, Netscape, including Montulli, actively worked with the IETF for the purposes of developing a technical standard for internet browser state management during the time that the '670 patent application still pending as well as after the '670 patent had issued.

27.    On information and belief, during the time the standard for an http state management mechanism was being considered and/or promulgated, the IETF task force directed to developing this standard was also considering alternatives to Montulli and/or Netscape's "cookies" model for state management.

28.    On information and belief, during and after Montulli and/or Netscape became involved with the IETF task force, the IETF adopted Montulli and/or Netscape's "cookies" model for state management without any knowledge that Montulli and/or Netscape had been seeking and/or had obtained patent protection with respect thereto.

---

[1]    See, for example, *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004 (Fed. Cir. 2008).

6

29.     On information and belief, Montulli was the co-author of RFC 2109, which was issued by the IETF as the state management standard on or about February 1997 and which incorporated Montulli and/or Netscape's "cookies" model.

30.     On information and belief, Montulli was also the co-author of RFC 2965, which was issued by the IETF as the revised state management standard on or about October 2000 and which also incorporated Montulli and/or Netscape's "cookies" model.

31.     On information and belief, before the IETF issued RFC 2109, Montulli and/or Netscape had already filed the application that later matured into the '670 patent, but never disclosed such information to the IETF despite the IETF's explicit policies requiring such disclosure.

32.     On information and belief, before the IETF issued RFC 2965, the '670 patent had issued, but neither Montulli nor Netscape ever disclosed the existence of the '670 patent to the IETF despite the IETF's explicit policies requiring such disclosure.

33.     On information and belief, Montulli and/or Netscape knew or should have known that they were required to disclose the '670 patent and/or underlying application to the IETF in accordance with the IETF's explicit intellectual property policies and disclosure requirements.

34.     By failing to comply with the IETF's disclosure policies, Netscape has waived its ability to enforce the '670 Patent.

35.     On information and belief, Montulli and/or Netscape's failure to disclose the '670 patent and the underlying application to the IETF was inconsistent with an intent to enforce its rights.

7

36. Answering Defendants further state that the '670 patent is unenforceable due to estoppel and waiver by Netscape resulting from Netscape's numerous public statements that its "cookies" technology, which is allegedly disclosed in the '670 patent, is subject to an open standard which may be used without restriction.

37. On information and belief, Netscape had promoted the state management standard that it disclosed in the '670 patent, and that was adopted by the IETF, to the Federal Trade Commission and others, as being an open standard that was intended to be used freely and without restriction. (*See, e.g.,* The Herring article, attached as Exhibit A, dated November 1, 1995, quoting Jim Clark, Netscape's then Chairman: "[Internet] standards and protocols should be completely open… we believe it is very important for Netscape, if we intend to survive, to innovate, but at the same time, to make these innovations open by publishing the protocols."). (*See also, e.g.,* testimony by Netscape's then public policy counsel, attached as Exhibit B, Peter Harter, before the Federal Trade Commission on June 4, 1996: stating that Netscape's "cookies" are "open technologies" (p. 131)).

38. Netscape's active participation in the IETF is consistent with its public statements that its cookie technology was an open standard.

39. By repeatedly making public statements that Netscape's cookies technology, which was adopted by the IEIF and was disclosed and claimed in the '670 patent, is an open standard that is intended for free adoption in internet browsers, Netscape intentionally and/or voluntarily relinquished, and thus waived, its rights to enforce the '670 patent.

Fifth Affirmative Defense
(Unenforceability Due to Inequitable Conduct)

40.    Answering Defendants state that the '670 patent is unenforceable due to inequitable conduct because Netscape, Montulli, and/or their agents and/or representatives intentionally withheld material information, within the meaning of 37 C.F.R. 1.56, from the United States Patent and Trademark Office ("PTO") during the prosecution of the application that matured into the '670 patent.

41.    On information and belief, Montulli, Netscape, and/or their agents and/or representatives were aware of browsers publicly distributed by or on behalf of Netscape that incorporated Montulli and/or Netscape's "cookies" technology as disclosed and/or claimed in the '670 patent and that were released by Netscape more than one year prior to the date of the filing of the application that matured into the '670 patent ("previously released Netscape browsers"), such as for example, Netscape browser versions 0.8, 0.9, 0.94, 1.0B1, and 1.0.

42.    The materiality of the previously released Netscape browsers is confirmed by the fact that a PTO Examiner has rejected on multiple occasions Netscape's patent applications, which are related to the '670 patent and are directed to similar subject matter, based on the previously released Netscape browsers. *See, e.g.*, Office Actions dated August 11, 2006, January 18, 2007, and December 11, 2008, attached as Exhibit C, pars. 6-11, 8-13, and 10, respectively, in connection with United State Patent Application No. 10/272,896. *See also*, Office Actions dated December 27, 2007 and September 12, 2008, pars. 17-22 and 15-20, respectively, in connection with United States Patent Application No. 11/737,043. *See also*, Office Actions dated January 2, 2008 and September 22, 2008, pars. 16-21 and 17-22, respectively, in connection with United States Patent Application No. 11/737,042. See also,

9

Office Action dated July 17, 2008, pars. 26-31, in connection with United States Patent Application No. 11/737,055).

43.   In fact, in these Netscape patent applications, the PTO Examiner has repeatedly reminded Netscape of its duty to disclose material information: "with respect to Netscape 0.94 implementing cookies...and... 'Version 1.0B1 dated October 1994'... the applicant is reminded of his duty of disclosure with respect to browsers implementing cookies [prior to October 6, 1994]". *See,* Office Actions dated August 11, 2006 and January 18, 2007, attached as Exhibit C, par. 3 and par. 4, respectively, in connection with United State Patent Application No. 10/272,896. *See also e.g.*, Office Actions dated July 17, 2008 and January 2, 2008, par. 9 and par. 5, respectively, in connection with United State Patent Applications Nos. 11/737,055 and 11/737,042, respectively.).

44.   On information and belief, prior to the date of filing of the application that matured into the '670 patent, at least Montulli and/or Netscape were aware of the previously known Unix-based "magic cookies," which, on information and belief, Netscape and/or Montulli believed was a basis for the state management mechanism disclosed and/or claimed in the '670 patent. (*See, e.g.*, The Herring article, attached as Exhibit A, quoting Jim Clark, then Netscape's chairman).

45.   On information and belief, the "magic cookies" known to Montulli and/or Netscape, and upon which the "cookies" disclosed in the '670 patent are based, is material prior art within the meaning of 37 C.F.R. 1.56.

46.   On information and belief, prior to the date of filing of the application that matured into the '670 patent, at least Montulli and/or Netscape was aware of HTTP state management proposals submitted by others in connection with efforts by the IETF to develop a

technical standard for internet browser state management ("HTTP state management proposals."). On information and belief, such HTTP state management proposals of others include ones submitted by David Kristol, Brian Behlendorf, and/or Koen Hotlman, and were prior art which predate the filing of the application that matured into the '670 patent and, despite this, Netscape, Montulli, and their representatives failed to disclose such prior art to the PTO.

47.    On information and belief, the HTTP state management proposals known to Montulli and/or Netscape are material prior art within the meaning of 37 C.F.R. 1.56.

48.    On information and belief, Netscape and/or Montulli did not submit any references to the PTO during the prosecution of the '670 patent. This is so even though Montulli executed and submitted a declaration to the PTO that stated: "I acknowledge the duty to disclose all information known to be material to patentability as defined in Title 37, Code of Federal Regulations, Section 1.56." *See* Declaration and Power of Attorney, attached as Exhibit D, submitted on January 11, 1996 in connection with United States Patent Application No. 08/540,342 which matured into the '670 patent.).

49.    On information and belief, Netscape, Montulli, and/or their agents and/or representatives were aware, and/or should have known, of the materiality of "magic cookies," the previously released Netscape browsers, and/or the various other HTTP state management proposals submitted to the IETF, and failed to disclose any of this material information to the PTO. On information and belief, such failure to disclose material prior art was done with an intent to deceive the PTO.

<u>Fifth Affirmative Defense</u>
(Equitable Estoppel and Laches)

50.    Answering Defendants state that Netscape is wholly or partially barred from the relief it seeks based upon the principles and doctrines of laches estoppel and equitable based on the following facts which are believed to be true, as well as others hereinafter set forth or which Answering Defendants may hereafter discover or otherwise become informed.

51.    The '670 patent issued on June 30, 1998.

52.    On information and belief, Netscape knew or should have known about Answering Defendants' online marketing services and alleged infringing activities that allegedly occurred on or after June 30, 1998.

53.    This is especially true given that, on information and belief, Netscape, as well as its parent AOL, had a business relationship with ValueClick and/or its subsidiaries to use the very online marketing services Netscape now asserts are allegedly covered by the '670 patent.

54.    Netscape has never put either ValueClick or its subsidiaries on notice of the '670 patent until the Complaint was filed in this action.

55.    On information and belief, Netscape has never asserted the '670 patent in any litigation against any party, much less against either of the Answering Defendants, until the February 27, 2009 filing of the current action, over ten years after the '670 patent issued.

56.    Due to this delay, a presumption of laches exists because more than six years have passed from the time Netscape knew or should have known of the alleged infringing activities and the time Netscape filed suit against any of the Answering Defendants or any other party.

57.    On information and belief, Netscape's delay in asserting the '670 patent is unreasonable and unexcused. Moreover, Netscape's delay has materially prejudiced Defendants.

58.    Because of Netscape's delay of over ten years in asserting any claims based on the '670 patent, the '670 patent is unenforceable and Netscape is barred from recovering any damages based on any such claim prior to the filing of the Complaint in this action.

59.    On information and belief, Netscape repeatedly and consistently promoted its "cookies" technology, which was adopted by the IETF, as an open standard that is meant to be used freely and without restriction.

60.    Furthermore, Netscape's active participation in the IETF further confirms its intent to make its cookies technology an open standard.

61.    On information and belief, Netscape's actions bar it from asserting that either of the Answering Defendants infringe any claims of the '670 patent. Moreover, Netscape's actions led the Answering Defendants to believe that Netscape did not intend to enforce any rights it might have with respect to its "cookies" technology.

Seventh Affirmative Defense
(Acquiescence and Implied License)

62.    Answering Defendants state that Netscape is wholly or partially barred from the relief it seeks based upon the principles and doctrines of acquiescence and implied license.

63.    On information and belief, Netscape never asserted the '670 patent against ValueClick or any of its subsidiaries during the period between the issuance of '670 patent and the filing of the complaint in this action, which amounts to more than ten years.

13

64.    On information and belief, during this period, Netscape, as well as its parent AOL, had a business relationship with ValueClick and/or its subsidiaries to use the very online marketing services Netscape now asserts are allegedly covered by the '670 patent.

65.    By virtue of the delay of over ten years in asserting the '670 patent and the business relationship between Netscape, and ValueClick, and its subsidiaries, Netscape consented to Answering Defendants' use of online marketing services which are allegedly covered by the '670 patent.

66.    Moreover, as stated above, Netscape's active role in the IETF's adoption of its cookies technology as a standard, its repeated statements that this same technology is an open standard and its business relationship with ValueClick and its subsidiaries created an implied license to the Answering Defendants to use its online marketing services with impunity from the '670 patent.

<u>Eighth Affirmative Defense</u>
(Failure to Provide Notice of the '670 Patent)

67.    Netscape is not entitled to any damages prior to the filing of the Complaint because, on information and belief, Netscape has failed to comply with the requirements of 35 U.S.C. § 287(a).

WHEREFORE, ValueClick and FastClick deny that Netscape is entitled to any relief as prayed for in the Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

A.    Dismissing Netscape's Complaint against ValueClick and FastClick with prejudice;

B.  Declaring that ValueClick has not infringed and does not infringe any claims of the '670 patent;

C.  Declaring that FastClick has not infringed and does not infringe any claims of the '670 patent;

D.  Declaring that each claim of the '670 patent is invalid and/or unenforceable;

E.  Enjoining Netscape and/or any of its officers, directors, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, from directly or indirectly asserting infringement against, or instituting any action for infringement of the '670 patent against ValueClick, FastClick or anyone in privity with either or them including, but not limited to, its customers, suppliers, vendors, agents, successors, and assigns, and any subsidiaries of any of the foregoing;

F.  Declaring that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding ValueClick and FastClick their reasonable attorneys' fees, expenses, and costs incurred in connection with this action; and

G.  Awarding to ValueClick and FastClick such other and further relief as the Court may deem just and proper under the circumstances.

## COUNTERCLAIM

Assuming, *arguendo,* that this Court retains jurisdiction against the Answering

Defendants, then the Answering Defendants counterclaim as follows. Defendants-

Counterclaimants ValueClick, Inc. ("ValueClick") and FastClick, Inc. ("FastClick), by and

through their attorneys, and for its Counterclaim against Netscape Communications Corp.

("Netscape"), state as follows:

### Nature of the Action

1.       This Counterclaim seeks, *inter alia,* a judgment declaring that the claims

of United States Patent No. 5,774,670 (the "670 patent") which, on its face and according to the

assignment records of the United States Patent and Trademark Office ("PTO"), names Netscape

as assignee, are invalid, unenforceable and not infringed by ValueClick and FastClick

("Counterclaimants") under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

### Jurisdiction and Venue

2.       This Court has subject matter jurisdiction over this Counterclaim pursuant

to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, under 28 U.S.C. § 1338(a), and

under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*  This Court also has

jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1332(a) in that the amount in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and diversity of citizenship

exists among the parties.  Venue is proper in this judicial district under the provisions of 28

U.S.C. §§ 1391(b) and 1400.

### The Parties

3.       ValueClick is a Delaware corporation with its principal place of business

located at 30699 Russell Ranch Road, Suite 250, Westlake Village, California 91362.

16

4.      FastClick is a former Delaware corporation that is a separate corporate entity that is in the process of being merged into ValueClick, and has a principal place of business located at 30699 Russell Ranch Road, Suite 250, Westlake Village, California 91362.

5.      Upon information and belief, Counterclaim-Defendant Netscape is a Delaware corporation.

## Common Allegations

6.      Counterclaimants repeats and incorporates herein its allegations set forth in paragraphs 18-67, above.

## Acts Giving Rise to the Counterclaim

7.      On February 27, 2009, Netscape commenced a civil lawsuit against, among others, Counterclaimants alleging that Counterclaimants are infringing upon claims of the '670 patent.

8.      By such action, Netscape has created an actual and justiciable case and controversy between itself and Counterclaimants concerning whether the '670 patent is valid and/or enforceable, as well as whether Counterclaimants are infringing upon any valid and/or enforceable claim of the '670 patent.

9.      Neither one of Counterclaimants has infringed, or is infringing, any claims of the '670 patent.

10.     Counterclaimants demand trial by jury of all issues so triable in this action.

**FIRST CLAIM FOR RELIEF**
(Declaratory Judgment of Non-Infringement, Invalidity, and
Unenforceability due to Waiver and Inequitable Conduct
of United States Patent No. 5,774,670)

11.    Counterclaimants incorporate by reference each and every allegation set

forth in paragraphs 1 through 10 of this Counterclaim as if fully set forth and restated herein.

12.    Counterclaimants brings this action for a declaratory judgment of non-

infringement, invalidity, and unenforceability against Netscape.  This counterclaim arises under

the Patent Laws of the United States, Title 35, United States Code.

## Non-infringement

13.    Counterclaimants have not infringed any valid and enforceable claim of

the '670 patent.

## Invalidity

14.    The '670 patent is invalid for failure to comply with the legal standards

statutorily mandated by 35 U.S.C. §§ 101 *et seq.*, including but not limited to, 35 U.S.C. §§ 102,

103, 112 and 116.

## Unenforceability Due To Waiver

15.    Counterclaimants repeat and incorporate herein their allegation set forth in

paragraphs 25-39, above.

## Unenforceability Due To Inequitable Conduct

16.    Counterclaimants repeat and incorporate herein their allegation set forth in

paragraphs 40-49, above.

18

## SECOND CLAIM FOR RELIEF
(Laches, Equitable Estoppel,
Acquiescence, and Implied License)

17.    Counterclaimants incorporate by reference each and every allegation set forth in paragraphs 1 through 10 of this Counterclaim as if fully set forth and restated herein.

18.    Counterclaimants brings this action for a declaratory judgment of laches, equitable estoppel, acquiescence, and implied license against Netscape.  This counterclaim arises under the Patent Laws of the United States, Title 35, United States Code.

### Laches and Estoppel

19.    Netscape's claims are barred by the principles and doctrines of laches and equitable estoppel, and plaintiff thus is barred from recovering any damages for allegedly infringing activities and from obtaining injunctive relief.

### Acquiescence and Implied License

20.    Netscape's claims are barred by the principles and doctrines of acquiescence and implied license, and plaintiff thus is barred from recovering any damages for allegedly infringing activities and from obtaining injunctive relief.

WHEREFORE, Counterclaimants respectfully pray that the Court enter judgment in its favor and award the following relief against Netscape:

A.    Declare that ValueClick has not infringed and is not infringing upon any of the claims of the '670 patent;

B.    Declare that FastClick has not infringed and is not infringing upon any of the claims of the '670 patent;

C.    Declare that each claim of the '670 patent is invalid and/or unenforceable;

19

D.    Permanently enjoin Netscape and its officers, directors, agents, servants, employees, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that ValueClick, FastClick and/or any of its respective officers, directors, agents, servants, employees, subsidiaries or customers, infringe upon any of the claims of the '670 patent;

E.    Declare and Order that Netscape be required to file a disclaimer with the PTO dedicating the '670 patent and any subject matter disclosed or claimed therein to the public;

F.    Declaring that this case is exceptional pursuant to 35 U.S.C. § 285 and award ValueClick and FastClick their costs and reasonable attorneys' fees incurred in connection with this action; and

G.    Award and grant ValueClick and FastClick such other and further relief as the Court deems just and proper under the circumstances.

May 20, 2009                        _____/s/ Amy S. Owen_____
                                    Amy S. Owen (VSB #27692)
                                    aowen@cochranowen.com
                                    Sheila M. Costin (VSB #31452)
                                    scostin@cochranowen.com
                                    Cochran & Owen LLC
                                    8000 Towers Crescent Drive
                                    Suite 160
                                    Vienna, VA 22182
                                    Ph: (703) 847-4480
                                    Fx: (703) 847-4499

                                    Attorneys for Defendants
                                    VALUECLICK, INC. and FASTCLICK, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendants ValueClick Inc.'s and FastClick, Inc.'s Answer, Defenses and Counterclaims to Plaintiff's Complaint For a Patent Infringement was served this 20th day of May, 2009 via electronic filing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail address on this 20th day of May, 2009:

**EMAIL DELIVERY**
Robert L. Burns
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190
Ph: (571) 203-2700
Fax: (202) 408-4400

Gerald F. Iwey
C. Gregory Gramenopoulos
John Williamson
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001
Ph: (202) 408-4282
Fax: (202) 408-4400

*Counsel for Netscape Communications Corp.*

         /s/ Sheila M. Costin
Sheila M. Costin (Bar #31452)
scostin@cochranowen.com
Amy S. Owen (Bar #27692)
aowen@cochranowen.com
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182
(703) 847-4480 (office)
(703) 847-4499 (facsimile)

*Counsel for ValueClick, Inc. and FastClick, Inc.*