**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| NETSCAPE COMMUNICATIONS CORP., )<br>)<br>Plaintiff and Counterdefendant, )<br>)<br>v. )<br>)<br>VALUECLICK, INC., MEDIAPLEX, INC., )<br>FASTCLICK, INC., COMMISSION )<br>JUNCTION, INC., MEZIMEDIA, INC., )<br>and WEB CLIENTS, L.L.C., )<br>)<br>Defendants and Counterclaimants. ) | Case No.  1:09-cv-225-TSE-TRJ<br><br>**Jury Trial Demanded** |

**PLAINTIFF NETSCAPE COMMUNICATIONS CORP.'S REPLY AND ANSWER TO
VALUECLICK, INC. AND FASTCLICK, INC.'S COUNTERCLAIMS TO COMPLAINT**

Plaintiff and Counterdefendant Netscape Communications Corp. ("Netscape"), by counsel, hereby replies and answers to the Counterclaims to Complaint of Defendants and Counterclaimants ValueClick, Inc. ("ValueClick") and FastClick, Inc. ("FastClick") (collectively, "Counterclaimants") as follows:

**COUNTERCLAIM**

**Nature of the Action**

1. Netscape admits that the Counterclaim purports to seek a judgment declaring that the claims of United States Patent No. 5,774,670 ("the '670 patent") are invalid, unenforceable, and not infringed by ValueClick and Fastclick under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* and that the '670 patent, on its face and according to the assignment records of the United States Patent and Trademark Office ("PTO"), names Netscape as assignee.  Netscape denies that Counterclaimants' contentions of invalidity, unenforceability, and noninfringement have any merit whatsoever.

1

### Jurisdiction and Venue

2.        Netscape admits that the Court has proper subject matter jurisdiction over this action under 28 U.S.C. § 1338 and that venue is proper in this judicial district under 28 U.S.C. § 1391.

### The Parties

3.        Based on information and belief, Netscape admits the allegations in Paragraph 3 of the Counterclaim.

4.        Based on information and belief, Netscape admits that FastClick has a principal place of business located at 30699 Russell Ranch Road, Suite 250, Westlake Village, California 91362.  Netscape lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Counterclaim and therefore denies such allegations.

5.        Netscape admits the allegations in Paragraph 5 of the Counterclaim.

### Common Allegations

6.        Netscape admits that Counterclaimants purport to incorporate by reference paragraphs 18-67 of Counterclaimants' Answer.  To the extent that paragraphs 18-67 of the Answer state legal conclusions, no response is required.  To the extent that paragraphs 18-67 of the Answer contain any remaining allegations to which Netscape must respond, Netscape denies such allegations unless specifically admitted herein.

### Acts Giving Rise to the Counterclaim

7.        Netscape admits the allegations in Paragraph 7 of the Counterclaim.

8.        Netscape admits that an actual and justiciable case and controversy exists between Netscape and Counterclaimants concerning whether the '670 patent is valid, enforceable, and infringed by Counterclaimants.  Netscape denies the remaining allegations in Paragraph 8 of the Counterclaim.

9. Netscape denies the allegations of Paragraph 9 of the Counterclaim.

10. Netscape admits that Counterclaimants purport to demand trial by jury of all issues so triable in this action.

## FIRST CLAIM FOR RELIEF

11. Netscape admits that Counterclaimants purport to incorporate by reference paragraphs 1-10 of the Counterclaim. Netscape denies the allegations in those paragraphs unless specifically admitted herein. Netscape repeats and re-alleges its answers to the allegations in paragraphs 1-10 as though fully set forth herein.

12. Netscape admits that Counterclaimants purport to bring this action for a declaratory judgment of noninfringement, invalidity, and unenforceability against Netscape and that this action arises under the Patent Laws of the United States, Title 35, United States Code. Netscape denies that Counterclaimants' contentions of noninfringement, invalidity, and unenforceability have any merit whatsoever.

### Non-Infringement

13. Netscape denies the allegations in Paragraph 13 of the Counterclaim.

### Invalidity

14. Netscape denies the allegations in Paragraph 14 of the Counterclaim.

### Unenforceability Due to Waiver

15. Netscape admits that Counterclaimants purport to incorporate by reference paragraphs 25-39 of Counterclaimants' Answer. Netscape denies the allegations in those paragraphs unless specifically admitted herein.

(a) To the extent that Answer Paragraph 25 states legal conclusions, no response is required. To the extent that Answer Paragraph 25 contains allegations to which Netscape must respond, Netscape denies the allegations contained in Answer Paragraph 25.

(b)  Netscape denies the allegations in Answer Paragraph 26.

(c)  Netscape is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Answer Paragraph 27 and denies them on that basis.

(d)  Netscape denies the allegations in Answer Paragraph 28.

(e)  Netscape admits that Montulli is listed as a co-author on RFC 2109.  Netscape denies the remaining allegations contained in Answer Paragraph 29.

(f)  Netscape admits that Montulli is listed as a co-author on RFC 2965.  Netscape denies the remaining allegations contained in Answer Paragraph 30.

(g)  To the extent that Answer Paragraph 31 states legal conclusions, no response is required.  Netscape admits that the application that issued as the '670 patent was filed before RFC 2109 was purportedly published.  To the extent that Answer Paragraph 31 contains any remaining allegations to which Netscape must respond, Netscape denies such allegations.

(h)  To the extent that Answer Paragraph 32 states legal conclusions, no response is required.  Netscape admits that RFC 2965 was purportedly published after the '670 patent issued.  To the extent that Answer Paragraph 32 contains any remaining allegations to which Netscape must respond, Netscape denies such allegations.

(i)  Netscape denies the allegations in Answer Paragraph 33.

(j)  Netscape denies the allegations in Answer Paragraph 34.

(k)  Netscape denies the allegations in Answer Paragraph 35.

(l)  Netscape denies the allegations in Answer Paragraph 36.

(m)  Netscape denies the allegations in Answer Paragraph 37.

(n)  Netscape denies the allegations in Answer Paragraph 38.

(o) To the extent that Answer Paragraph 39 states legal conclusions, no response is required. To the extent that Answer Paragraph 39 contains any remaining allegations to which Netscape must respond, Netscape denies such allegations.

## Unenforceability Due to Inequitable Conduct

16. Netscape admits that Counterclaimants purport to incorporate by reference paragraphs 40-49 of Counterclaimants' Answer. Netscape denies the allegations in those paragraphs unless specifically admitted herein.

(a) To the extent that Answer Paragraph 40 states legal conclusions, no response is required. To the extent that Answer Paragraph 40 contains any remaining allegations to which Netscape must respond, Netscape denies such allegations.

(b) Netscape denies the allegations in Answer Paragraph 41.

(c) Netscape denies the allegations in Answer Paragraph 42.

(d) Netscape admits that the Examiner has made statements that are reflected in the public record. Netscape denies any remaining allegations in Answer Paragraph 43.

(e) Netscape denies the allegations in Answer Paragraph 44.

(f) To the extent that Answer Paragraph 45 states legal conclusions, no response is required. To the extent that Answer Paragraph 45 contains any remaining allegations to which Netscape must respond, Netscape denies such allegations.

(g) To the extent that Answer Paragraph 46 states legal conclusions, no response is required. To the extent that Answer Paragraph 46 contains any remaining allegations to which Netscape must respond, Netscape denies such allegations.

(h) To the extent that Answer Paragraph 47 states legal conclusions, no response is required. To the extent that Answer Paragraph 47 contains any remaining allegations to which Netscape must respond, Netscape denies such allegations.

(i)     Netscape admits that the prosecution history of the '670 patent is reflected in the public record.  Netscape denies any remaining allegations, express or implied, in Answer Paragraph 48.

(j)     To the extent that Answer Paragraph 49 states legal conclusions, no response is required.  To the extent that Answer Paragraph 49 contains any remaining allegations to which Netscape must respond, Netscape denies such allegations.

## SECOND CLAIM FOR RELIEF

17.     Netscape admits that Counterclaimants purport to incorporate by reference paragraphs 1-10 of the Counterclaim.  Netscape denies the allegations in those paragraphs unless specifically admitted herein.  Netscape repeats and re-alleges its answers to the allegations in paragraphs 1-10 as though fully set forth herein.

18.     Netscape admits that Counterclaimants purport to bring this action for a declaratory judgment of laches, equitable estoppel, acquiescence, and implied license against Netscape and that this action arises under the Patent Laws of the United States, Title 35, United States Code.  Netscape denies that Counterclaimants' contentions of laches, equitable estoppel, acquiescence, and implied license have any merit whatsoever.

### Laches and Estoppel

19.     Netscape denies the allegations in Paragraph 19 of the Counterclaim.

### Acquiescence and Implied License

20.     Netscape denies the allegations in Paragraph 20 of the Counterclaim.

Netscape denies that there is any legal or factual basis for the Court to enter judgment against Netscape in Counterclaimants' favor.  Netscape denies that Counterclaimants are entitled to any relief whatsoever.

(A)     Netscape denies that there is any legal or factual basis for the Court to declare that ValueClick has not infringed and is not infringing any of the claims of the '670 patent;

(B)     Netscape denies that there is any legal or factual basis for the Court to declare that FastClick has not infringed and is not infringing any of the claims of the '670 patent;

(C)     Netscape denies that there is any legal or factual basis for the Court to declare the '670 patent is invalid and/or unenforceable;

(D)     Netscape denies that there is any legal or factual basis for the Court to permanently enjoin Netscape and its officers, directors, agents, servants, employees, and any and all persons in active concert or participation with any of them from asserting, stating, implying, or suggesting that ValueClick, FastClick, and/or any of its respective officers, directors, agents, servants, employees, subsidiaries, or customers infringe any of the claims of the '670 patent;

(E)     Netscape denies that there is any legal or factual basis for the Court to declare and order that Netscape be required to file a disclaimer with the PTO dedicating the '670 patent and any subject matter disclosed or claimed therein to the public;

(F)     Netscape denies that there is any legal or factual basis for an award of costs or attorneys' fees against Netscape;

(G)     Netscape denies that there is any legal or factual basis for granting any further relief against Netscape.

| | |
|---|---|
| Date: June 9, 2009 | Respectfully submitted, |

By:    */s/ Robert L. Burns*
Robert L. Burns (VSB # 65159)
robert.burns@finnegan.com
Umar Arshad (VSB #74638)
umar.arshad@finnegan.com
Nicholas J. Nugent (VSB #77141)
nicholas.nugent@finnegan.com
FINNEGAN HENDERSON FARABOW
    GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Dr.
Reston, VA 20190
Phone: (571)-203-2700
Fax: (202) 408-4400

Gerald F. Ivey (DCB #367009)
gerald.ivey@finnegan.com
C. Gregory Gramenopoulos (VSB #38633)
c.gregory.gramenopoulos@finnegan.com
John M. Williamson (DCB #472713)
john.williamson@finnegan.com
C. Brandon Rash (VSB # 72248)
brandon.rash@finnegan.com
FINNEGAN HENDERSON FARABOW
    GARRETT & DUNNER, LLP
901 New York Ave., NW
Washington, DC 20001
Phone: (202) 408-4000
Fax: (202) 408-4400

**Attorneys for Plaintiff**
**Netscape Communications Corp.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of June, 2009, I will electronically file the foregoing **Plaintiff Netscape Communications Corp.'s Reply And Answer to ValueClick, Inc. and FastClick, Inc.'s Counterclaims to Complaint** with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Amy S. Owen
aowen@cochranowen.com
Sheila Costin
scostin@cochranowen.com
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA 22182
Phone: (703) 847-4480
Fax: (703) 847-4499

Kristen A. Hird
kristin.hird@bryancave.com
Bryan Cave LLP
1155 F. Street NW
Washington, DC 20004
Phone: (202) 208-6000
Fax: (202) 508-6200

**Attorneys for Defendants**

                                                 */s/ Robert L. Burns*
                                           Robert L. Burns (VSB # 65159)
                                           robert.burns@finnegan.com
                                           Umar Arshad (VSB #74638)
                                           umar.arshad@finnegan.com
                                           Nicholas J. Nugent (VSB #77141)
                                           nicholas.nugent@finnegan.com
                                           FINNEGAN HENDERSON FARABOW
                                                  GARRETT & DUNNER, LLP
                                           Two Freedom Square
                                           11955 Freedom Dr.
                                           Reston, VA 20190
                                           Phone: (571)-203-2700
                                           Fax: (202) 408-4400

        Gerald F. Ivey (DCB #367009)
        gerald.ivey@finnegan.com
        C. Gregory Gramenopoulos (VSB #38633)
        c.gregory.gramenopoulos@finnegan.com
        John M. Williamson (DCB #472713)
        john.williamson@finnegan.com
        C. Brandon Rash (VSB # 72248)
        brandon.rash@finnegan.com
        FINNEGAN HENDERSON FARABOW
            GARRETT & DUNNER, LLP
        901 New York Ave., NW
        Washington, DC 20001
        Phone: (202) 408-4000
        Fax: (202) 408-4400

        **Attorneys for Plaintiff**
        **Netscape Communications Corp.**