F I L E

JUN 1 0 2009

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| NETSCAPE COMMUNICATIONS CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-225-TSE-TRJ |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| VALUECLICK, INC., MEDIAPLEX, INC., | ) | |
| FASTCLICK, INC., COMMISSION | ) | |
| JUNCTION, INC., MEZIMEDIA, INC. | ) | |
| and WEB CLIENTS, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED PROTECTIVE ORDER

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is HEREBY ORDERED THAT:

## INFORMATION SUBJECT TO THIS ORDER

Discovery materials produced in this case may be labeled according to the following categories: CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY, RESTRICTED - HIGHLY CONFIDENTIAL, and SUBJECT TO PROSECUTION BAR, as set forth in Sections A-D below. All four of the identified categories of information shall be identified collectively in this Order by the title "Protected Information." Any documents derived from or containing

1

"Protected Information" must also be designated with the appropriate category of confidentiality, according to the terms of this Order.

### A.   Information Designated as CONFIDENTIAL

1.   For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential information, such as confidential research and development, technical, sales, marketing, financial, personnel, customer, vendor, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party. Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2.   Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the producing party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.

3.   All CONFIDENTIAL INFORMATION not reduced to documentary, tangible, or physical form, or which cannot be conveniently designated as set forth in paragraph 2, shall be designated by the producing party by informing the receiving party of the designation in writing.

4.   Except as otherwise provided in paragraph 13, any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL ATTORNEYS' EYES ONLY information and shall be subject to this Order. Thereafter, the

2

producing party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY, RESTRICTED - HIGHLY CONFIDENTIAL, and/or SUBJECT TO PROSECUTION BAR prior to furnishing copies to the receiving party.

     5.    The following are examples of information that is not CONFIDENTIAL INFORMATION:

        a.    published advertising materials;

        b.    any information that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order;

        c.    any information that the receiving party can show by written records was already known to it prior to the disclosure, provided that it was either (i) received from the producing party and was not received under an obligation of confidentiality to the producing party, or (ii) received from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party;

        d.    any information that the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

        e.    any information that the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's CONFIDENTIAL INFORMATION.

     6.    Documents designated CONFIDENTIAL and information contained therein shall be available only to:

3

a.    outside litigation counsel of record and supporting personnel employed in or by the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters;

b.    technical advisors and their necessary support personnel, subject to the provisions of paragraphs 17-22 herein, and who have signed the form attached hereto as Attachment A;

c.    the Court, its personnel, and stenographic reporters (under seal or with other suitable precautions determined by the Court);

d.    three in-house representatives for each party, so long as the representative's duties in connection with this case require access to the CONFIDENTIAL INFORMATION;

e.    independent legal translators retained to translate in connection with this action and independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

f.    graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, who have signed the form attached hereto as Attachment A;

g.    non-technical jury or trial consulting services who have signed the form attached hereto as Attachment A, except that mock jurors shall not have access to any material designated CONFIDENTIAL;

h.    commercial copy vendors retained by counsel for purposes of this action who have signed the form attached hereto as Attachment A; and

i.    any other person with the prior written consent of the producing party.

4

**B.**    **Information Designated as CONFIDENTIAL ATTORNEYS' EYES ONLY**

7.    The CONFIDENTIAL ATTORNEYS' EYES ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes commercially sensitive or competitive information, the unauthorized disclosure of which is likely to cause harm to the competitive position of the producing party. Examples of CONFIDENTIAL ATTORNEYS' EYES ONLY information include sensitive technical information, including computer code, internal product or service specifications, and design documentation; settlement agreements or settlement communications; financial documents showing or summarizing a party's sales volume, revenue, and profitability information; answers to interrogatories directed to similar information; and expert reports directed to the issues of infringement or damages. In determining whether information should be designated as CONFIDENTIAL ATTORNEYS' EYES ONLY, each party agrees to use such designation only in good faith.

8.    Documents designated CONFIDENTIAL ATTORNEYS' EYES ONLY and information contained therein shall be available only to individuals specified in sub-paragraphs 6(a)-(c), (e)-(i) above. In addition, any computer code that is designated as CONFIDENTIAL ATTORNEYS' EYES ONLY shall be produced by the producing party in accordance with paragraphs 12 and 13.

9.    Notwithstanding any other provisions herein, in-house counsel for each party are permitted to view CONFIDENTIAL ATTORNEYS' EYES ONLY information, provided (1) the disclosure is limited to one in-house attorney for each party who is responsible for the matter, (2) the identity of the in-house attorney is disclosed to the producing party in advance, and (3) the in-house attorney agrees to be personally bound by this Protective Order and signs the form attached hereto as Attachment A. For purposes of the in-house attorney, "the assigned duties" referred to in Attachment A constitute the in-house attorney's participation as a member of the

5

litigation representing his or her employer in this matter. In addition, each Party shall be allowed a party representative to attend and observe all hearings in the case and attend and observe any trial of the case.

### C.    Information Designated as RESTRICTED - HIGHLY CONFIDENTIAL

10.    Documents or other things may be designated by the producing party as "RESTRICTED - HIGHLY CONFIDENTIAL," if they constitute highly confidential computer code or trade secrets as defined by the Uniform Trade Secrets Act, that the producing party does not believe, in good faith, will be adequately protected as CONFIDENTIAL - ATTORNEYS' EYES ONLY materials under this Order.

11.    Documents designated RESTRICTED - HIGHLY CONFIDENTIAL and information contained therein shall be available only to individuals specified in sub-paragraphs 6(a)-(c); independent stenographic reporters and videographers, as specified in sub-paragraph 6(e), in connection with the use of such materials in depositions; and graphics, translation, or design services, as specified in sub-paragraph 6(f), in connection with the use of such materials in hearings or at trial. In addition, any computer code that is designated as RESTRICTED - HIGHLY CONFIDENTIAL shall be produced by the producing party in accordance with paragraphs 12 and 13. Notwithstanding any other provisions herein, each Party shall be allowed a party representative to attend and observe all hearings in the case and attend and observe any trial of the case.

12.    With respect to computer code that is designated as CONFIDENTIAL ATTORNEYS' EYES ONLY, RESTRICTED - HIGHLY CONFIDENTIAL, and/or SUBJECT TO PROSECUTION BAR, the receiving party may request that the producing party produce a well-defined subset of the producing party's computer code (the "Computer Code Production

Set") on one or more CDs, DVDs, external hard drives, or other readily computer-accessible media (the "Computer Code Media"), as specified by mutual agreement of the parties. The receiving party shall request only such documents as are reasonably necessary to facilitate the receiving party's preparation of the case, including (i) when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party, (ii) to prepare internal attorney work product materials, or (iii) to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses and related drafts and correspondences. The receiving party's request for production may be deemed deficient if it fails to define the Computer Code Production Set with sufficient precision as to enable the producing party to readily identify and collect the requested files, if the resulting size of the Computer Code Production Set would be such that it could not practically be stored and produced in the above-listed Computer Code Media, or if the Computer Code Production Set would unnecessarily encompass confidential, proprietary, and/or trade secret computer code that belongs to a third party or that is not reasonably necessary to facilitate the receiving party's preparation of the case. If the producing party, in good faith, objects to the receiving party's request as deficient, the parties shall work together to refine the scope of the receiving party's request so as to remove the identified deficiencies. In the event that the parties are not able to resolve the deficiencies by agreement, the receiving party shall make its computer code available for inspection in accordance with the procedures set forth in sub-paragraphs 13(d)-(i).

      13.    All computer code shall be subject to the following provisions:

          a.    All computer code must be produced or made available for inspection digitally, in its original file format(s), unless otherwise reasonably requested, but in all

7

cases computer code shall be produced if possible in a readily electronically readable and electronically searchable format.

      b.     Unless otherwise specified by the receiving party's request, computer code produced or made available for inspection shall include all header files, source files, libraries (dynamic link libraries and static libraries), executable files (if maintained in the ordinary course), scripts, macros, batch files, database triggers, make files, build files, and project files used to build and deploy each software product, as well as any other files on which such computer code depends, such as HTML files, XML files, style sheets, schemas, log files, or configuration files. All computer code formatting shall be preserved. Where existing, version control data shall be preserved, and all code produced or made available for inspection shall be organized according to the directory structure used to build the software corresponding to that code. Where existing, computer code that is produced or made available for inspection shall include all comments and history included or embedded within, or existing alongside, the computer code, including but not limited to information related to the version or build number of the computer code, and any symbols and statements used to format the computer code within the development environment. Where existing, files concerning how the software is organized or functions should be included with the computer code, as well as any other files concerning the software, such as files that refer to or include design documentation.

      c.     Computer code produced on Computer Code Media, and all electronic copies made thereof in accordance with sub-paragraph 13(k), must be maintained by the receiving party in password-protected computers or network drives to which only authorized persons that are identified based on this Protective Order have access. Prior to

copying the computer code, the requesting party must notify the producing party that the computer code is being copied consistent with these restrictions.

        d.      Computer code made available for inspection shall be made available by the producing party to the receiving party's outside counsel and/or technical advisors in a private and secure room (the "Secure Inspection Room") on a computer (the "Computer Code Computer"). The producing party may implement such security measures that it believes, in good faith, are necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any computer code outside or away from the Computer Code Computer, such as disabling Internet access or network access to other computers. The producing party shall be obligated to install such reasonable tools or programs necessary to review and search the code produced on the platform produced.

        e.      The receiving party's outside counsel and/or technical advisors shall be entitled to take notes relating to the computer code, but may not copy the computer code into the notes. Such notes shall be subject to the provisions of sub-paragraph 13(j) below. No copies of all or any portion of the computer code may leave the Secure Inspection Room except as otherwise provided herein. Furthermore, no other written or electronic record of the computer code is permitted except as otherwise provided herein.

        f.      After observing the computer code made available for inspection, the receiving party may make known to the producing party the receiving party's requests for the production of specific computer code files or directories of computer code files. The receiving party shall make such requests in good faith and only when reasonably necessary to facilitate the receiving party's preparation of the case. If the producing party

objects based on a good-faith belief that one or more files requested by the receiving

party are not reasonably necessary to any case preparation activity as described above, or

that the request is deficient for one or more the reasons set forth in paragraph 12, the

producing party shall make such objection known to the receiving party immediately. If,

after meeting and conferring, the producing party and the receiving party cannot resolve

the objection, at the option of either the producing party or the receiving party, the parties

shall immediately work together to set up a telephone conference with the presiding

judge, magistrate, or the discovery hotline to resolve the dispute. In the absence of any

objection, or upon resolution of any such dispute by the Court, the producing party shall

produce the requested computer code files or directories of computer code files on

Computer Code Media in accordance with sub-paragraphs 13(a)-(b).

        g.     A list of names of persons who will view the computer code in the Secure

Inspection Room will be provided to the producing party in conjunction with any written

(including email) notice requesting inspection. The receiving party shall maintain a daily

log of the names of persons who enter the Secure Inspection Room to view the computer

code and when they enter and depart. The producing party shall be entitled to have a

person observe all entrances and exits from the Secure Inspection Room, and to receive a

copy of the log.

        h.     Unless otherwise agreed in advance by the parties in writing, following

each inspection, the receiving party's outside counsel and/or technical advisors shall

remove all notes, documents, laptops, and all other materials from the Secure Inspection

Room that may contain work product and/or attorney-client privileged information. The

producing party shall not be responsible for any items left in the Secure Inspection Room following each inspection session.

      i.      Other than as provided in sub-paragraph 13(c), the receiving party will not copy, remove, or otherwise transfer any computer code from the Computer Code Computer, including, without limitation, copying, removing, or transferring the computer code onto any other computers or peripheral equipment. The receiving party will not transmit any computer code in any way from the producing party's facilities or the offices of its outside counsel of record.

      j.      The outside counsel and technical advisors (who have been approved to access computer code under paragraphs 17-22) for a receiving party shall maintain and store any paper copies of the computer code or notes related to such computer code (as referenced in sub-paragraph 13(e) above) at their offices in a manner that prevents duplication of or unauthorized access to the computer code or notes, including, without limitation, storing the computer code or notes in a locked room or cabinet at all times when those materials are not in use.

      k.      The receiving party's outside counsel of record may make no more than five (5) paper copies and five (5) electronic copies of any portions of the computer code, not including copies attached to court filings, and shall maintain a log of all copies of the computer code (received from a producing party) that are provided by the receiving party to any qualified person under sub-paragraph 13(p). The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Any paper or electronic copies of computer code made by the receiving party shall be designated "RESTRICTED - HIGHLY CONFIDENTIAL" and shall be stored or viewed

only at (i) the offices of outside counsel for the receiving party, (ii) the offices of

technical advisors who have been approved to access computer code under paragraphs

17-22, (iii) the site where any deposition is taken, (iv) the Court, or (v) any intermediate

location necessary to transport the information to a hearing, trial, or deposition. Any such

paper or electronic copies shall be maintained at all times in a locked and secure location.

The producing party shall not unreasonably deny a receiving party's request to make (and

log) additional copies, provided that the request is for good cause and for use that

otherwise complies with this order.  The producing party shall be entitled to a copy of the

log upon request and at the conclusion of the litigation.

        l.      The receiving party may include excerpts of computer code in a pleading,

exhibit, expert report, discovery document, deposition transcript, other Court document,

or any drafts of these documents ("COMPUTER CODE DOCUMENTS"). The receiving

party shall only include such excerpts as are reasonably necessary for the purposes for

which such part of the computer code is used—as an example, excerpts of approximately

25 to 40 lines in length would be allowed.

        m.      To the extent portions of computer code are quoted in a COMPUTER

CODE DOCUMENT, either (i) the entire document will be stamped "RESTRICTED -

HIGHLY CONFIDENTIAL" or (ii) those pages containing quoted computer code will be

separately bound, and stamped as "RESTRICTED - HIGHLY CONFIDENTIAL."  All

COMPUTER CODE DOCUMENTS shall be filed under seal.

        n.      All paper and electronic copies shall be securely destroyed if they are no

longer necessary in the litigation (e.g., extra copies at the conclusion of a deposition).

Copies of computer code that are marked as deposition exhibits shall not be provided to

the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibits by their production numbers.

     o.    The receiving party may create additional electronic copies or images of selected portions of the computer code when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other party (including expert reports).  Images or copies of computer code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.

**D.**    **Information Designated as SUBJECT TO PROSECUTION BAR**

14.    On a good faith basis, the parties shall further have the right to designate certain CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY, and RESTRICTED - HIGHLY CONFIDENTIAL materials as SUBJECT TO PROSECUTION BAR.

15.    Subject to the other restrictions provided in this Order, any in-house representative, in-house counsel, or technical advisor of a party may review material designated as SUBJECT TO PROSECUTION BAR by another party provided that he or she sign Attachment A and agree to refrain from: (a) preparing, prosecuting, or being listed as an inventor on any patent application that is related to the subject matter of the patent in suit; (b) personally assisting with or supervising the preparation or prosecution of any patent application that is related to the subject matter of the patent in suit; and (c) personally prosecuting or supervising or assisting with the prosecution of any unexpired patent that is related to the subject matter of the patent in suit.

16.    The above restrictions related to SUBJECT TO PROSECUTION BAR materials shall be effective as of the time of receipt of the designated material and remain in effect until one year after the complete resolution of this action through entry of a final non-appealable judgment or order for which appeal has been exhausted, or the complete settlement of all claims against all parties in this action, whichever may be the first to occur.

## DISCLOSURE OF TECHNICAL ADVISORS

17.    Information designated by the producing party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending, or evaluating this litigation may be furnished and disclosed to the receiving party's technical advisors and their necessary support personnel, subject to the terms of this Protective Order. The term "technical advisor" shall mean an independent, outside expert witness or consultant with whom counsel may deem it appropriate to consult and who complies with paragraph 19.

18.    No disclosure of Protected Information to a technical advisor or his or her necessary support personnel shall occur until that support personnel has signed the form attached hereto as Attachment A; and to the extent there has been an objection under paragraph 20, that objection shall be resolved as discussed below.

19.    A party desiring to disclose Protected Information to a technical advisor shall also give prior written notice to the producing party, who shall have five (5) business days after such notice is given to object in writing. The party desiring to disclose Protected Information to a technical advisor must provide the following information for each technical advisor: (i) name, address, curriculum vitae, current employer, and employment (including consulting) history for the past four (4) years; and (ii) a listing of cases in which the technical advisor has testified as an

expert witness at trial or by deposition within the preceding four (4) years. No Protected Information shall be disclosed to such technical advisors until after the expiration of the foregoing notice period.

20.    A party objecting to disclosure of Protected Information to a technical advisor shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection. Should the party desiring to disclose Protected Information to a technical advisor disagree with the basis for the objection(s), the parties must first attempt to resolve the objection(s) informally. The objecting party's consent to the disclosure of Protected Information to a technical advisor shall not be unreasonably withheld.

21.    If the informal efforts do not resolve the dispute within three (3) business days after the objection has been lodged, the producing party may file a motion for protection to prevent the disclosure of certain (or any) Protected Information to the designated person. A failure to file a motion within five (5) business days after the objection has been lodged by the producing party, or other later time agreed to by the parties, shall operate as an approval of disclosure of the Protected Information to the technical advisor. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph, if necessary, to abide by any discovery or briefing schedules.

22.    The objecting party shall have the burden of showing to the Court that the risk of harm that the disclosure would entail (under any safeguards proposed) outweighs the receiving party's need to disclose the Protected Information to its technical advisor.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

23.    The parties shall use reasonable care when designating documents or information as Protected Information. Nothing in this Order shall prevent a receiving party from contending

that any documents or information designated as Protected Information have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or information contained therein.

24.    A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party. Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

## LIMITATIONS ON THE USE OF PROTECTED INFORMATION

25.    All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

26.    Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

16

a.    A present or former director, officer, or employee of a producing party may be examined and may testify at deposition or trial concerning all Protected Information that has been produced by that party and either (i) identifies on its face the director, officer, and/or employee as an author or recipient, (ii) concerns a subject matter of which the director, officer, and/or employee has knowledge, or (iii) concerns a topic about which said director, officer, and/or employee has been identified or designated to testify regarding.

b.    A technical advisor of a producing party who complies with paragraphs 17-22 of this Order may be examined and may testify at deposition or trial concerning all Protected Information that has been produced by that party and all other Protected Information to which he or she is allowed access under the terms of this Protective Order.

c.    Non-parties may be examined or testify at deposition or trial concerning any document containing Protected Information of a producing party that appears on its face or from other documents or testimony to have been received from or communicated to the nonparty as a result of any contact or relationship with the producing party or a representative of the producing party, but may not retain originals or copies of such Protected Information or any notes or transcripts reflecting such Protected Information, other than for the limited period of time necessary to review any deposition transcripts and make corrections. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive

17

such information, then prior to the examination, the producing party shall request that the attorney provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

27.    The parties submit and the Court finds that there will be documents, including transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court, that have been designated as Protected Information or that contain information so designated, and that can be protected only by sealing the documents and those portions of the memoranda that discuss the documents. The Court finds that this information is of a private business nature and is not of great public interest. The parties agree to file redacted public versions of the memoranda. The Court in it sound discretion finds that the parties shall be permitted to file unredacted versions of the briefs and confidential documents under seal. *See, e.g., Ashcraft v. Conoco Inc.*, 218 F.3d 288 (4th Cir. 2000). Accordingly, any pleading, paper, or other document filed in this action that contains CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY, RESTRICTED - HIGHLY CONFIDENTIAL, *in compliance with local Cil Rul 5.* and/or SUBJECT TO PROSECUTION BAR information shall be filed under seal and shall be *DY* maintained under seal according to the terms of this Protective Order or as otherwise determined by the Court. When filing pleadings that contain CONFIDENTIAL ATTORNEYS' EYES ONLY, RESTRICTED - HIGHLY CONFIDENTIAL, and/or SUBJECT TO PROSECUTION BAR information, the party so filing shall designate the following on the first page of the filed

18

documents: "UNDER SEAL - SUBJECT TO PROTECTIVE ORDER - CONTAINS

CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY, RESTRICTED - HIGHLY

CONFIDENTIAL, and/or SUBJECT TO PROSECUTION BAR MATERIAL."

28.    Outside attorneys of record for the parties are hereby authorized to be the persons

who may retrieve confidential exhibits and/or other confidential matters filed with the Court

upon termination of this litigation without further order of this Court, and are the persons to

whom such confidential exhibits or other confidential matters may be returned by the Clerk of

the Court, if they are not so retrieved. No material or copies thereof so filed shall be released

except by order of the Court, to outside counsel of record, or as otherwise provided for

hereunder. Notwithstanding the foregoing and with regard to material designated as

RESTRICTED - HIGHLY CONFIDENTIAL, the provisions of Section C are controlling to the

extent those provisions differ from this paragraph.

29.    Protected Information shall not be copied or otherwise produced by a receiving

party, except for transmission to qualified recipients, without the written permission of the

producing party or, in the alternative, by further order of the Court. Nothing herein shall,

however, restrict a qualified recipient from making working copies, abstracts, digests, and

analyses of Protected Information for use in connection with this litigation, and such working

copies, abstracts, digests, and analyses shall be deemed Protected Information under the terms of

this Order, except that RESTRICTED - HIGHLY CONFIDENTIAL material is subject to the

restrictions of Section C. Further, nothing herein shall restrict a qualified recipient from

converting or translating Protected Information other than RESTRICTED - HIGHLY

CONFIDENTIAL material into machine readable form for incorporation into a data retrieval

system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

30.    At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL," "CONFIDENTIAL ATTORNEYS' EYES ONLY," "RESTRICTED - HIGHLY CONFIDENTIAL" and/or "SUBJECT TO PROSECUTION BAR" by the reporter. This request may be made orally during the deposition or in writing within fifteen (15) days of receipt of the final certified transcript. Deposition transcripts shall be treated as CONFIDENTIAL ATTORNEYS' EYES ONLY until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially as set forth below:

> **This videotape contains confidential testimony subject to a Protective Order in Civil Action No. 1:09-cv-225-TSE-TRJ (E.D. Va.) and is not to be viewed nor the contents thereof to be displayed or revealed except in accordance with such Protective Order, by order of the Court, or pursuant to written stipulation of the parties.**

31.    Where Protected Information is to be used at a hearing on a dispositive motion or at trial by a party other than the party who designated the Protected Information, the designating party must be notified at least five (5) days before such hearing on a dispositive motion or trial, so that the designating party is able to make arrangements with the Court to ensure that its Protected Information remains confidential. In addition to providing such notification, the party that intends to use the Protected Information at a hearing or at trial shall satisfy the requirements of paragraph 28, to the extent any documents or materials designated as Protected Information are filed or otherwise submitted to the Court.

20

## NONPARTY USE OF THIS PROTECTIVE ORDER

32.     A nonparty producing information or material voluntarily or pursuant to a

subpoena or a court order may designate such material or information as Protected Information

pursuant to the terms of this Protective Order.

33.     A nonparty's use of this Protective Order to protect its Protected Information does

not entitle that nonparty access to the Protected Information produced by any party in this case.

## NO WAIVER OF PRIVILEGE

34.     Nothing in this Protective Order shall require production of information that a

party contends is protected from disclosure by the attorney-client privilege, the work-product

immunity, or other privilege, doctrine, right, or immunity.  Moreover, the production, review,

and use of documents pursuant to this Protective Order are subject to Federal Rule of Evidence

502.  Thus, if information subject to a claim of attorney-client privilege, work-product immunity,

or other privilege, doctrine, right, or immunity is nevertheless inadvertently produced, such

production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such

privilege, doctrine, right, or immunity, provided that the producing party, upon discovering such

inadvertent production, promptly notifies the receiving party that it has inadvertently produced

privileged material and identifies the specific material inadvertently produced.  Upon such

notification, the receiving party shall either promptly return the same upon written request from

the producing party or notify the producing party that it disagrees that the identified material

should be returned and stating the reasons therefor.  In the event of a dispute, the party making

the inadvertent production shall bear the burden of seeking relief from the Court and of proving

that the materials or information at issue should be treated as privileged or protected material and

that there otherwise has been no waiver. The receiving party shall have three (3) business days to

object to the return of the inadvertently produced material and to state its reasons therefor. The receiving party's failure to object within such period shall be deemed a waiver of the receiving party's right to object to the return of the inadvertently produced material. The producing party shall have five (5) business days after the refusal of the receiving party to return the alleged inadvertently produced material to seek relief from the Court. The producing party's failure to seek relief from the Court within such period shall be deemed a waiver of the producing party's right to seek return of the inadvertently produced material. After receiving notification from the producing party of such inadvertent production, the receiving party shall not make use of the identified document unless and until the asserted privilege with respect thereto is deemed waived or unless otherwise ordered by the Court..

## MISCELLANEOUS PROVISIONS

35.    Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by an outside counsel of record for the party against whom such waiver will be effective.

36.    Inadvertent or unintentional production of documents or things containing Protected Information that are not designated as one or more of the four categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. The producing party shall notify the receiving parties promptly after the discovery of the error in writing and, with respect to documents, provide replacement pages bearing the appropriate confidentiality legend. In the event of any unintentional or inadvertent disclosure of Protected Information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure,

22

including retrieving all copies of the Protected Information from the recipient(s) thereof and

securing the agreement of the recipients not to further disseminate the Protected Information in

any form. Compliance with the foregoing shall not prevent the producing party from seeking

further relief from the Court.

       37.    Within sixty (60) days after the entry of a final non-appealable judgment or order,

or the complete settlement of all claims asserted against all parties in this action, each party shall,

at the option of the receiving party, either return or destroy all physical objects and documents

that embody Protected Information it has received, and shall destroy, in whatever form stored or

reproduced, all physical objects and documents, including but not limited to correspondence,

memoranda, notes, and other work product materials that contain or refer to any category of

Protected Information. All Protected Information not embodied in physical objects and

documents shall remain subject to this Order. Notwithstanding this provision, no person is

required to delete information that may reside on the respective person's electronic back-up

systems that are over-written in the normal course of business, provided the files containing such

Protected information are not accessed or copied from such back-ups. Notwithstanding the

foregoing, outside counsel shall be entitled to maintain copies of all correspondence, pleadings,

motions, trial briefs (including all supporting and opposing papers and exhibits thereto), written

discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits

thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial.

Outside counsel shall also be entitled to maintain copies of all attorney work product that refers

or is related to any CONFIDENTIAL and CONFIDENTIAL ATTORNEYS' EYES ONLY

information for archival purposes only, except such outside counsel shall not retain any

RESTRICTED - HIGHLY CONFIDENTIAL materials. If a party destroys Protected

Information, the destruction must be by means satisfactory to the producing party, and the party must provide a Certificate of Destruction to the producing party.

38.    If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel, and shall provide each such party with an opportunity to object to the production of such documents. If a producing party does not take steps to prevent disclosure of such documents within five (5) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

39.    This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, a producing party that is a beneficiary of the protections of this Order may enter a written agreement releasing a receiving party hereto from one or more requirements of this Order with respect to the producing party, even if the conduct subject to the release would otherwise violate the terms herein.

40.    Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Information.

41.    The United States District Court for the Eastern District of Virginia is responsible for the interpretation and enforcement of this Agreed Protective Order. After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court

retains and shall have continuing jurisdiction over the parties and recipients of the Protected

Information for enforcement of the provision of this Agreed Protective Order following

termination of this litigation.  All disputes concerning Protected Information produced under the

protection of this Agreed Protective Order shall be resolved by the United States District Court

for the Eastern District of Virginia.

      42.    Execution of this Protective Order shall not constitute a waiver of the right of any

party to claim in this action or otherwise that any Protected Information, or any portion thereof,

is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any

other proceeding.

      43.    This Protective Order shall become effective as between the parties immediately

upon submission to the Court for approval, notwithstanding the pendency of approval by the

Court.  If approval by the Court is ultimately withheld or made conditional, no party shall treat

any designated Protected Information produced prior to that time other than as provided in this

Protective Order without giving the producing party sufficient advance notice to allow for

application to the Court for additional relief.

      44.    This Order shall be binding upon the parties hereto, their attorneys, and their

successors, executors, personal representatives, administrators, heirs, legal representatives,

assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any

persons or organizations over which they have direct control.

**So ORDERED and SIGNED this** _10th_ **day of** _Jun_, 20_09_, _nunc pro tunc to 5/24/09 pw_

/s/Thomas Rawles Jones, Jr.

T. S. Ellis, III
United States Judge

THOMAS RAWLES JONES, JR.
U.S. MAGISTRATE JUDGE
EASTERN DISTRICT OF VIRGINIA

25

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

NETSCAPE COMMUNICATIONS CORP., )
)
       Plaintiff, )   Case No. 1:09-cv-225-TSE-TRJ
)
v. )   JURY TRIAL DEMANDED
)
VALUECLICK, INC., MEDIAPLEX, INC., )
FASTCLICK, INC., COMMISSION )
JUNCTION, INC., MEZIMEDIA, INC. )
and WEB CLIENTS, L.L.C., )
)
       Defendants. )

## ATTACHMENT A TO THE AGREED PROTECTIVE ORDER

## CONFIDENTIAL AGREEMENT

I reside at _____.

My present employer is _____.

1.    My present occupation or job description is _____.

2.    I have read the Agreed Protective Order dated _____, 20__, and have been engaged

as _____ on behalf of _____ in connection

with the litigation styled *Netscape Communications Corp. v. ValueClick, Inc., et al.*, Case No.

*1:09-CV-225-TSE-TRJ.*

3.    I am fully familiar with and agree to comply with and be bound by the provisions of said

Order. I understand that I am to retain all copies of any documents designated as

CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY, RESTRICTED - HIGHLY

CONFIDENTIAL, and/or SUBJECT TO PROSECUTION BAR information in a secure manner,

and that all copies are to remain in my personal custody until I have completed my assigned

26

duties, whereupon the copies and any writings prepared by me containing any CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY, RESTRICTED - HIGHLY CONFIDENTIAL, and/or SUBJECT TO PROSECUTION BAR information are to be returned to counsel who provided me with such material or destroyed as directed by such counsel.

4.      I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

5.      To the extent that I review any materials labeled "SUBJECT TO PROSECUTION BAR," I affirm and agree to abide by the restrictions of paragraph 15 of said Order. I also acknowledge that these restrictions shall be effective during the time limits specified in paragraph 16 of said Order.

6.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 20__.

_____

CONSENTED TO                                    Dated: May 14, 2009

Robert L. Burns (VSB # 65159)                   Sheila M. Costin
robert.burns@finnegan.com                       scostin@cochranowen.com
Umar Arshad (VSB #74638)                        Amy S. Owen
umar.arshad@finnegan.com                        aowen@cochranowen.com
FINNEGAN, HENDERSON, FARABOW,                   COCHRAN & OWEN, LLC
        GARRETT & DUNNER, LLP                   8000 Towers Crescent Dr., Suite 160
Two Freedom Square                              Vienna, VA 22182
11955 Freedom Dr.                               Phone: (703) 847-4480
Reston, VA 20190                                Fax: (703) 847-4499
Phone: (571)-203-2700
Fax: (202) 408-4400                             Alec Farr
                                                awfarr@bryancave.com
Gerald F. Ivey (DCB #367009)                    Lawrence G. Kurland
gerald.ivey@finnegan.com                        lgkurland@BryanCave.com
C. Gregory Gramenopoulos (VSB #38633)           Joseph Richetti
c.gregory.gramenopoulos@finnegan.com            Joe.Richetti@bryancave.com
John M. Williamson (DCB #472713)                BRYAN CAVE, LLP
john.williamson@finnegan.com                    1290 Avenue of the Americas
FINNEGAN, HENDERSON, FARABOW,                   New York, New York 10104
        GARRETT & DUNNER, LLP                   Phone: (212) 541-2000
901 New York Ave., NW                           Fax: (212) 541-4630
Washington, DC 20001
Phone: (202) 408-4000                           **Attorneys for Defendants ValueClick, Inc.,**
Fax: (202) 408-4400                             **FastClick, Inc., Mediaplex, Inc.,**
                                                **Commission Junction, Inc., MeziMedia,**
**Attorneys for Plaintiff**                      **Inc., and Web Clients, L.L.C.**
**Netscape Communications Corp.**