**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| NETSCAPE COMMUNICATIONS CORP.,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | Case No. 1:09-cv-225-TSE-TRJ |
| v.   ) | |
| ) | |
| ) | |
| VALUECLICK, INC., MEDIAPLEX, INC.,   ) | |
| FASTCLICK, INC., COMMISSION   ) | |
| JUNCTION, INC., MEZIMEDIA, INC., and   ) | |
| WEB CLIENTS, L.L.C.,   ) | |
| ) | |
| Defendants.   ) | |

**VALUECLICK, INC. AND FASTCLICK, INC.'S MEMORANDUM OF POINTS**
**AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO COMPEL**
**PRODUCTION OF A DOCUMENT FROM NETSCAPE COMMUNICATIONS CORP.**

ValueClick, Inc. ("ValueClick") and FastClick, Inc. ("FastClick") submit this memorandum in support of their motion pursuant to Fed. R. Civ. P. 37 for an order compelling Plaintiff Netscape Communications Corp. ("Netscape") to produce a document identified in Netscape's privilege log in this action as document 1865.  Movants believe that this document is potentially central to the issues raised in this action and respectfully request that this Court order its production.

**BACKGROUND**

The above-captioned action is a patent infringement suit brought by Netscape against ValueClick, Inc., et al. (collectively, "ValueClick").   In essence, Netscape alleges that ValueClick infringes, induces others to infringe, and/or contributes to the infringement by others of one or more claims of U.S. Patent No. 5,774,670, entitled "Persistent Client State in a Hypertext Transfer Protocol Based Client-Server System," which issued on June 30, 1998 (the

"'670 Patent").  Mr. Louis Montulli ("Montulli") is designated in the '670 Patent as its sole inventor.  Netscape is the sole assignee and sole owner of all right, title, and interest in the '670 Patent.  Montulli signed an oath/declaration in the application of the '670 Patent on January 10, 1996, stating that he was the sole and original inventor of the invention claimed in the application.

However, in October 2007, following the issuance of the '670 Patent, Montulli refused to sign -- and allegedly would not respond to requests to sign from Netscape's counsel, Mr. Michael Glenn -- an inventor's Oath/Declaration ("Oath") in a re-issue application, the claims of which recite similar limitations of the '670 Patent.  The Oath Montulli refused to sign would have had him affirm under penalty of perjury that he was the sole and original inventor of the claimed subject matter.  By signing the Oath, Montulli would have also acknowledged his duty of candor to the Patent Office including, particularly, the obligation to disclose "material" prior art and other information.  Montulli's refusal to sign the Oath is relevant to, and appears to support, ValueClick's defenses of inequitable conduct and invalidity, which defenses are premised on the fact that Montulli, contrary to his Oath in the '670 Patent, was not the sole inventor of the '670 Patent and had breached his duty of candor to the Patent Office.  (See Answer to Amended Complaint, ¶¶ 25 and 41).

Document 1865, described in Netscape's privilege log as a communication from Montulli to Michael Glenn[1] ("Glenn") in June 2007, may resolve these potential inventorship issues, and may also help to establish that Glenn's failure to disclose the 1865 correspondence to the U.S. Patent Office, particularly in light of Glenn's representations to the Patent Office that Montulli

[1]    Michael Glenn was the attorney who prosecuted the '670 Patent. He also prosecuted several divisional applications from the '670 Patent, as well as a related re-issue application.

C070950/0231836/1540466.9

was unavailable and failed to communicate with Glenn during the period when the 1865 document was created, constituted inequitable conduct.

## Document 1865

Netscape, in its privilege log in this action, identified document 1865 as a communication from L. Montulli to M. Glenn and A. Franco[2] dated 06/19/2007.  (See Exhibit B to the Declaration of Howard Rogatnick sworn to July 2, 2009 ("Rogatnick Dec.").)  Netscape described document 1865 in its privilege log as a "[c]onfidential communication between AOL/Netscape and outside counsel [Mr. Glenn] for the purpose of obtaining legal advice and/or legal services regarding patents."  Only a few months after the June 2007 date of document 1865, Mr. Glenn represented to the U.S. Patent Office that Montulli had been unavailable to sign an oath/declaration for an application regarding the re-issuance of a patent that is a divisional of the '670 Patent, and that Glenn had been unable to contact Montulli for that purpose.  ValueClick and FastClick believe that the timing of the 1865 communication may prove highly relevant in demonstrating (i) the defense of inequitable conduct based on the inaccuracy of Glenn's representation to the U.S. Patent Office regarding Montulli's unavailability, and (ii) may establish ValueClick's additional defense of invalidity by demonstrating that Glenn's failure to disclose to the Patent Office potentially material information concerning the fact that Montulli was not the sole inventor.

---

[2] According to a Netscape document entitled "Identification Of Individuals Listed On Plaintiff Netscape Communications Corp.'s Privilege Log," dated June 10, 2009, A. Franco, is an "AOL/Netscape in-house attorney."

**Requests for Document 1865**

Defendants' First Document Request contained several requests calling for the production of documents that would have included document 1865. (See Rogatnick Dec., Exh. A, Document Request Nos. 1, 2, 3, and 9.) The request for document 1865 was later specifically reiterated by ValueClick during the June 19, 2009 deposition of Michael Glenn:

| | |
|---|---|
| MR. HARACZ: | [D]o you recall having received any written correspondence from Mr. Montulli in the last two or three years? |
| GLENN: | I don't. |
| MR. HARACZ: | Counsel, can you look into that for us, please? |
| MR. ARSHAD[3]: | What would you like me to look into? |
| MR. HARACZ: | As to what the nature of [document 1865] is that's directed to somebody who doesn't remember ever having recalled it, and whose privilege log does not include it, and let's get to the bottom of, you know, what it is. |
| MR. ARSHAD: | Okay.  We can talk about it. |

(Rogatnick Dec., Exh. C, Glenn Tr. at pp. 280-81.)  Netscape's counsel, Mr. Arshad, despite the above, has provided no further information regarding document 1865. ValueClick's counsel addressed a letter dated June 29, 2009 to Netscape's counsel following up on the request for document 1865, but Netscape has failed to respond.  (Rogatnick Dec., Exh. D.)

Finally, questions regarding document 1865 were addressed directly to Louis Montulli himself during his deposition on June 30, 2009.  At his deposition, Montulli was specifically asked about his communications with Glenn.  Netscape's counsel refused to allow Montulli to answer questions regarding the circumstances surrounding the allegedly privileged communication (rather than the substance of those conversations):

---

[3] Netscape's counsel.

| | |
|---|---|
| MR. RICHETTI | But just so the record's clear, Mr. Montulli, I've asked you whether or not in the email we were referring to, whether or not you were seeking legal advice.  And your counsel has instructed you to not to answer.  Will you accept that instruction? |
| MR. MONTULLI | Yes. |
| MR. RICHETTI | Please mark that. |

(See Rogatnick Dec., Exh. F, Montulli Transcript at p. 79.)  By his failure to answer the above question, Montulli utterly failed to provide any basis for Netscape's assertion of privilege with respect to document 1865.

**Good Faith Effort To Resolve Discovery Matters at Issue**

Bryan Cave attorneys conferred, or attempted to confer, in good faith with Netscape's counsel in an effort to obtain the disclosure requested in the present motion to compel production without court action.   Bryan Cave's efforts in this regard are evidenced by the foregoing discussions with Netscape's counsel on the record at Glenn's and Montulli's depositions, and in Bryan Cave's letter to Netscape's counsel concerning document 1865 (see Rogatnick Dec., Exh. D).

**ARGUMENT**

The content of document 1865 is potentially central to this case, particularly to ValueClick's defenses relating to inventorship of the '670 Patent and inequitable conduct in the prosecution of the '670 Patent application.

5

Fed. R. Civ. P. 26(b)(1) liberally provides for discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Here, Netscape has not objected to the request for document 1865 on grounds of irrelevancy, and therefore the relevance of document 1865 is conceded.

Netscape appears to have made a very generalized assertion of attorney/client privilege with respect to document 1865.[4/] Respectfully, an assertion of such a privilege in this instance should not dispose of the matter. Generalized or boilerplate objections have been held to be inadequate because they are not "specific enough so that the court can understand in what way" the requests were objectionable. See Cappetta v. GC Services Ltd. P'ship, 2008 WL 5377934, *3 (E.D. Va. 2008) (citations omitted); Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 360 (D. Md. 2008).

Here, the description of document 1865 contained in the privilege log as "confidential communication between AOL/Netscape and outside counsel for the purpose of obtaining legal advice and/or legal services regarding patents" is incorrect because Montulli is neither an employee of AOL nor Netscape. Montulli is a non-party who is no longer employed by any party in this action. He steadfastly refuses to sign the Oath being urged upon him by Netscape/AOL and that is his personal right. Given that he refuses to cooperate or communicate, it is factually implausible that he was seeking legal advice. Further, the description has been shown by the deposition testimony to be open to question at the very least: Glenn, Netscape's outside counsel, suggested during his deposition that he had not received the 1865 document,

---

[4/]     We note that Netscape never specifically invokes the attorney-client privilege as such. Document 1865 appears on Netscape's privilege log, but is merely described as a "confidential communication."

6

*i.e.,* that the alleged "communication" between Montulli and Glenn never actually occurred.  If the document was not received by Mr. Glenn, Netscape's outside counsel, the claim of privilege may collapse on this basis alone.    See generally Upjohn Co. v. U.S., 449 U.S. 383 (1981) (attorney-client privilege is for confidential **communications**) (emphasis added); see also Zeus Enterprises, Inc. v. Alphin Aircraft, Inc., 190 F.3d 238, 244 (4th Cir. 1999) (the attorney-client privilege "only protects confidential **communications** between lawyer and client") (emphasis added).

In addition, the privilege log also fails to make clear, in even the most general terms, the nature of the legal advice allegedly sought by Montulli.  Whether there is a sound basis for the assertion of privilege cannot be judged based on the bare, conclusory description of document 1865 set forth in the privilege log.

ValueClick respectfully requests that the Court inspect, in camera, the document identified on Netscape's privilege log as document 1865 and determine whether it does in fact involve a request for legal advice and is subject to privilege.  See Rambus, Inc. v. Infineon Tech. AG, 222 F.R.D. 280, 292-293 (E.D. Va. 2004); Federal Electon Comm'n v. Christian Coalition, 178 F.R.D. 456, 461-2 (E.D.Va. 1998).  If the document is deemed not privileged, ValueClick, Inc. and FastClick, Inc. request that the Court order the production of the document. Alternatively, if portions of the document are not privileged, said Defendants request that the document should be produced in redacted form.

## CONCLUSION

ValueClick, Inc. and FastClick, Inc. respectfully request that the Court inspect document 1865 in camera and move the Court for an Order compelling Netscape to produce that document,

or, alternatively, to produce document 1865 in redacted form if only portions of document 1865 are deemed to be privileged.

Dated: July 2, 2009      Respectfully submitted,

         _____/s/_____

         Amy S. Owen (VSB # 27692)
         aowen@cochranowen.com
         Sheila M. Costin (VSB # 31452)
         scostin@cochranowen.com
         Cochran & Owen LLC
         8000 Towers Crescent Drive
         Suite 160
         Vienna, VA 22182
         Ph: (703) 847-4480
         Fx: (703) 847-4499

         Lawrence G. Kurland
         Joseph J. Richetti
         BRYAN CAVE, LLP
         1290 Avenue of the Americas
         New York, New York 10104
         Tel: (212) 541-2000
         Fax: (212) 541-4630

         Attorneys for Defendants
         VALUECLICK, INC.
         FASTCLICK, INC.

C070950/0231836/1540466.9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing ValueClick, Inc. and FastClick, Inc's Memorandum of Points and Authorities in Support of Their Motion to Compel Production of a Document from Netscape Communications Corp. was served this 2nd day of July, 2009 via electronic filing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail address on this 2nd day of July, 2009:

**EMAIL DELIVERY**
Robert L. Burns
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190
Ph: (571) 203-2700
Fax: (202) 408-4400

Gerald F. Iwey
C. Gregory Gramenopoulos
John Williamson
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001
Ph: (202) 408-4282
Fax: (202) 408-4400

*Counsel for Netscape Communications Corp.*


_____/s/_____
Sheila M. Costin (Bar #31452)
scostin@cochranowen.com
Amy S. Owen (Bar #27692)
aowen@cochranowen.com
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia  22182
(703) 847-4480 (office)
(703) 847-4499 (facsimile)


*Counsel for ValueClick, Inc. and FastClick, Inc.*

9

C070950/0231836/1540466.9