# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

———————————————————x

NETSCAPE COMMUNICATIONS CORP.,  :
            :
   Plaintiff,      :  Civil Action No. 1:09 CV 225
            :  TSE/ODD
  v.         :
            :
VALUECLICK, INC., MEDIAPLEX, INC.,  :
FASTCLICK, INC., COMMISSION JUNCTION,:
INC., MEZIMEDIA, INC. AND WEB CLIENTS,:
L.L.C.,          :
            :
   Defendant.     :

———————————————————x:

## DECLARATION OF LAWRENCE J. GOFFNEY, JR.

I, Lawrence J. Goffney, Jr., declare:

**Retention in This Matter**

1.      I, Lawrence J. Goffney, Jr., am a consultant on patent practice and procedure, including patent practice and procedure in the United States Patent and Trademark Office (the "PTO").

2.      Bryan Cave LLP has retained me as an expert consultant to ValueClick, Inc., Mediaplex, Inc., FastClick, Inc., Commission Junction, Inc., Mezimedia, Inc., and Web Clients, L.L.C., (jointly, the "Defendants") in connection with the above-captioned case to provide an expert declaration on practice and procedure in the United States Patent and Trademark Office (the "PTO"), particularly the PTO's practice regarding and whether a claim to computer-related subject matter is drawn to a product or a method.  Bryan Cave LLP, which is counsel to the Defendants, has asked me to opine on whether originally filed claims 12 and 13 of patent Application Serial No. 08/540,342 (the "'342 application"), which issued as claims 9 and 10, respectively, of U.S. Patent No. 5,774,670 (the "'670 patent") are product claims, consistent with PTO practice and procedure.

3.      I submit this declaration pursuant to Federal Rule of Civil Procedure 26(a) (2). Accordingly, I expect to testify before the court regarding matters set forth in this declaration if asked about these matters by the court or by the parties' counsel.

4.      The Defendants, through their counsel, asked that I submit this declaration in light of my qualifications and my knowledge of the practices and procedures of the PTO.

**My Qualifications**

5.      My qualifications for testifying about the subject of this declaration come from my training and experience as the Assistant Commissioner of Patents and Trademarks of the

United States[1] (the "Assistant Commissioner for Patents"—the office is now called the "Commissioner for Patents") and Acting Deputy Assistant Secretary of Commerce and Deputy Commissioner of Patents and Trademarks of the United States (the "Deputy Commissioner"), the third and second ranked executive positions in the PTO, respectively, as well as from my training and experience over 35 years as a law professor (teaching patent prosecution), a patent examiner in the PTO, a patent prosecution practitioner, and a patent practice expert consultant and witness in federal court proceedings.

6.      I am licensed to practice law before the state and federal courts of the State of Michigan and before other federal courts, including the U.S. Court of Appeals for the Federal Circuit. I am registered to practice before the PTO. I am active in the intellectual property bar, having served as a committee chairman and committee member in various intellectual property associations, and I have lectured frequently about patent law, patent policy, and policy and procedures of the PTO to local, state, national, and foreign bar associations, and to scientific and technical communities.

7.      Prior to my appointment as Assistant Commissioner for Patents, I was a patent attorney and partner specializing in intellectual property law at the law firm of Dykema Gossett PLLC, with its principal offices located in Detroit, Michigan. I was also resident in its Bloomfield Hills, Michigan, offices.

8.      Before I was engaged in private practice in the State of Michigan, I was a patent examiner in the PTO.

9.      I have been a law professor on the faculties of the University of Texas and the University of Detroit, as well as a visiting law professor at the University of Wisconsin and a Fellow in Law and the Humanities at Harvard University and the Harvard Law School.

---

[1] I was nominated by the President and approved by the Senate to this position.

10.    I served as the Assistant Commissioner for Patents from 1994 to 1998. As Assistant Commissioner for Patents, I was responsible for all aspects of the functioning of the United States patent organization (the "Patent Office"), including the prosecution of patent applications, the training of patent examiners, and the evaluation of the work of all patent examiners. I visited the European Patent Office and other foreign patent offices, studied their examining procedures, and attended Trilateral Meetings with officials of the European Patent Office and the Japanese Patent Office in an ongoing project directed to understanding and improving examination procedures in all patent offices. As Assistant Commissioner for Patents and later as Deputy Commissioner of Patents and Trademarks, I was a judge on the Board of Patent Appeals and Interferences, reviewing appeals from final rejections of applications made by patent examiners.

11.    Beginning in 1996, I also served as Acting Deputy Assistant Secretary of Commerce and Deputy Commissioner of Patents and Trademarks, during which time I oversaw the policy arm of the PTO, including the Office of Legislative and International Affairs, the Office of Enrollment and Discipline, and the Office of Patent Quality Review and, for a time, the Solicitor's Office. I traveled extensively to foreign countries under the auspices of the Department of Commerce and the World Intellectual Property Organization of the United Nations ("WIPO"), advising ministers and foreign officials on U.S. intellectual property policy and the Agreement on Trade Related Aspects of Intellectual Property. I served as representative for the United States to diplomatic proceedings of WIPO on patent issues. Also in this role, I reviewed the examination standards set by the United States Patent Office, including the performance of patent examiners in their dispositions of patent applications. I authorized regulations for both enrollment and discipline of patent attorneys and agents practicing before

the PTO and oversaw and authorized the disciplining of attorneys and agents, such as those who engaged in fraud on the PTO.

12.     Following my tenure as Acting Deputy Assistant Secretary of Commerce and Deputy Commissioner of Patents and Trademarks, I joined the law firm of Akin, Gump, Strauss, Hauer & Feld, L.L.P., as a partner in the firm's intellectual property law practice.  I was a partner there until January 2000.

13.     Since January 2000, I have been engaged full time in consulting on patent practice and procedure in the PTO and have testified as an expert witness on patent practice and procedure in over 65 cases.

14.     Attached, as Exhibit A, are a biographical sketch of my professional experience, my curriculum vita, a partial list of publications that I have authored and lectures that I have given, including publications and lectures that I have given in the last ten years.

15.     I am being compensated at the rate of $600 per hour, which is my standard consulting fee, for my work in this matter.  My compensation is not dependent upon my testimony or the outcome of this litigation.

**Bases for My Opinions**

16.     I base my opinions on my experience with PTO practices, procedures, and policies, much of which is set forth in the Manual of Patent Examining Procedure (the "M.P.E.P."), drawing from my background as referred to above in this declaration.  I have reviewed 35 U.S.C. § 1 *et seq.*, and the Rules of Practice in Patent Cases (37 C.F.R. § 1.1 – 1.318, as incorporated in the M.P.E.P.

**Information Considered**

17.     In preparing this declaration, I have considered the documents listed in Exhibit B attached to this report.

**Approach toward Writing This Declaration**

18.     I do not intend to opine on the law without the court's express permission to do so.  Instead, I refer in this declaration to statutes and regulations only as those references are used by the M.P.E.P.  The M.P.E.P. is not law; rather, it sets forth, as administrative policy, procedures that all patent examiners in the PTO are "instructed or authorized to follow in appropriate cases in the normal examination of a patent application" and provides "[PTO] patent examiners, applicants, attorneys, agents, and representatives of applicants with a reference work on the practices and procedures relative to the prosecution of patent applications before the [PTO]." [See the Forward to the M.P.E.P.].

**PTO Practice with Regard to Whether Computer-related Subject Matter Is Drawn to a Product or a Method**

19.     PTO practice allows claims to product to be limited by and defined by a process, as long as the product meets the standard for a statutory machine, manufacture or composition of matter.

20.     In 1995, when the original claims 12 and 13 of the '342 application were filed, patent examiners were taught to consider claims as drawn to a particular statutory category. M.P.E.P. 2106 (6th Ed., Rev. 1, Sept. 1995), ((c) Considering each claim as a whole, classify the invention defined by each claim as to its statutory category (i.e., process, machine, manufacture, or composition of matter)).  In categorizing a claim, examiners were taught to rely on the presumption that "a computer or other programmable apparatus whose actions are directed by a computer program or other form of "software" is a statutory "machine."

21.     By contrast, examiners were taught that "[A] computer—implemented process but is not cast as an element of a computer-readable memory or as implemented on a computer should be classified as a statutory 'process'." M.P.E.P. 2106 (6th Ed., Rev. 1, July. 2006).

22.   In November 1997, when the original claims 12 and 13 of the '342 application were allowed, patent examiners were taught that "a machine is a concrete thing consisting of parts or of certain devices and combinations of devices.  M.P.E.P. 2106 IV B 2 (a).(6th Ed., Rev. 3, July 1997).

23.   Even the present M.P.E.P. 2106 (8th Ed., Rev. 7, July. 2008) provides:

> When a computer program is recited in conjunction with a physical structure, such as a computer memory, USPTO personnel should treat the claim as a product claim.

24.   Claims 9 and 10 of the 670 patent are drawn to a computer readable medium, a product, notwithstanding that the product is limited by and defined by steps of a process.  Indeed, the product is supported by the written description of the computer readable medium, "such as a ("hard disk") or optical mass storage device."  '670 patent, col. 2, lines 41-46.  *See, also*, col. 2, lines 48-51, and col. 5, lines 5-10.

25.   Accordingly, it is my opinion that claims 9 and 10 of the '670 patent are drawn to a product and not a process or method.

**Additional Opinions**

26.   I request the opportunity to adjust or supplement my opinions after I have had the opportunity to review declarations, deposition or trial testimony, or additional documents that may be brought to my attention.  I also request an opportunity to adjust or supplement my analysis in light of any critique of this declaration or alternative opinions advanced by or on behalf of Netscape Communications Corp.  To date, I have not prepared an expert report or any exhibits summarizing my opinions or illustrating points made in this declaration, but I expect to do so as necessary in accordance with the Court's orders.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated April 23, 2009

Lawrence J. Goffney, Jr.

**Lawrence J. Goffney, Jr.**, consults on intellectual property and serves as an expert witness on patent issues, including proceedings before the United States Patent and Trademark Office (the "USPTO"). Before engaging in his consulting practice in January 2000, he was a partner with Akin, Gump, Strauss, Hauer & Feld, L.L.P., in Washington, where he was a member of the firm's intellectual property practice. He has taught, held appointed office, been a patent examiner and represented Fortune 500 organizations, small businesses and universities in connection with all aspects of intellectual property.

From 1996 until 1998, prior to joining Akin, Gump, Mr. Goffney was the Acting Deputy Assistant Secretary of Commerce and Deputy Commissioner of Patents and Trademarks at the USPTO, a position to which he had been designated by the Secretary of Commerce. He was responsible for overseeing the policy arm of the USPTO, including the Office of Legislative and International Affairs, the Office of Enrollment and Discipline, the Board of Patent Appeals and Interferences, the Trademark Trial and Appeals Board, the respective Offices of Patent and Trademark Quality Review. He traveled extensively to foreign countries under the auspices of the Department of Commerce, the USPTO and the World Intellectual Property Organization of the United Nations, advising foreign officials on U.S. intellectual property policy and Trade Related Aspects of Intellectual Property standards for World Trade Organization members.

In 1994, he had been appointed by the President and confirmed by the Senate to the position of Assistant Commissioner for Patents, in which capacity he ran the entire U.S. official patent process (the "Patent Office") from application to issue. In this capacity, and later as Deputy Commissioner, he attended Trilateral Meetings officials of the European Patent Office and the Japanese Patent Office in an ongoing project by the three major three patent offices of the world directed to understanding each other's examination procedures and operations so that they can cooperate with one another to bring about quality examinations in all of the offices.

Prior to entering government service as a senior official in January, 1994, Mr. Goffney was a partner in the Michigan based law firm of Dykema Gossett, where he practiced in the intellectual property practice group, focusing on patent, trademark and copyright litigation; patent prosecution; and patent, trademark and copyright transactional work. From 1974 until 1983, he was a law professor on the faculties of the University of Texas and the University of Detroit, a visiting professor at the University of Wisconsin and a Harvard Fellow in Law and the Humanities. Mr. Goffney taught courses in patent, trademark and copyright law as well as remedies, antitrust, torts, and creditor's rights. From 1984 until 1986, he examined patents and worked on other projects in the USPTO. From 1986 until his appointment as Assistant Commissioner, he was engaged in private practice.

Mr. Goffney received a B.S. with honors in 1970 from Oakland University. He attended Carnegie Institute of Technology (now Carnegie-Mellon University). He received a J.D. in 1974 from the University of Detroit and an LL.M. in 1974 from Columbia University, where he was a Burton Fellow in Intellectual Property. In 1975, Mr. Goffney received a certificate from the Parker School in Foreign and Comparative Law at Columbia University.

Mr. Goffney is registered to practice before the U.S. Patent and Trademark Office. He is licensed to practice before the state and federal courts in the State of Michigan and before other federal courts, including the U.S. Court of Appeals for the Federal Circuit. He has lectured to local, state, national and foreign bar associations, as well as to scientific and technical audiences.

# Lawrence J. Goffney, Jr.

120 Waterford Place
Alexandria, VA  22314
*Telephone*: (703) 518-0217
*Facsimile*: (703) 832-6539

## SUMMARY

Lawrence ("Larry") Goffney consults on intellectual property and serves as an expert witness on patent issues.  He has taught, held appointed office in the United States Department of Commerce and the Patent and Trademark Office, been a patent examiner, and practiced law as a partner in two large law firms where he represented Fortune 500 organizations, small businesses and universities in connection with all aspects of intellectual property.

## PROFESSIONAL EXPERIENCE

**LGoffney—Alexandria, VA**                                                       **2000-Present**

- Consultant on practices and procedures in the United States Patent and Trademark Office

- Expert witness on patent issues, including practices and procedures in the United States Patent and Trademark Office

**Akin, Gump, Strauss, Hauer & Feld, L.L.P.—Washington, DC**          **1998-2000**

- Partner in Washington, DC, Office and member of the firm's intellectual property practice.

- Advocacy for firm's clients having intellectual property issues in legislation before Congress

- Practice in client counseling, licensing, and litigation regarding intellectual property issues

**Acting Deputy Assistant Secretary of Commerce and—USPTO**          **1996-1998**
**Deputy Commissioner of Patents and Trademarks**

- Designated by the Secretary of Commerce

- Responsible for overseeing the policy arm of the USPTO, including the Office of Legislative and International Affairs, the Office of Enrollment and Discipline, the Board of Patent Appeals and Interferences, the Trademark Trial and Appeals Board, the respective Offices of Patent and Trademark Quality Review

- Traveled extensively to foreign countries under the auspices of the Department of Commerce, the USPTO and the World Intellectual Property Organization of the United Nations, advising foreign officials on U.S. intellectual property policy and Trade Related Aspects of Intellectual Property standards for World Trade Organization members

- Attended Diplomatic Conferences at the World Intellectual Property Organization at its headquarters in Geneva, Switzerland

- Attended Trilateral Meetings with officials of the European Patent Office and the Japanese Patent Office

- Still held office as Assistant Commissioner of Patents and Trademarks

**Assistant Commissioner for Patents—USPTO**                              **1994-1998**

- Appointed by the President and confirmed by the Senate
- Ran the entire U.S. official patent process (the "Patent Office") from application to issue
- Attended Trilateral Meetings with officials of the European Patent Office and the Japanese Patent Office in an ongoing project by the three major patent offices of the world directed to understanding each other's examination procedures and operations so that they can cooperate with one another to bring about quality examinations in all of the offices

**Dykema Gossett—Detroit and Bloomfield Hills, MI**                       **1988-1994**

- Partner and, before that, Associate in the intellectual property practice group of the then largest Michigan based firm with offices nation wide
- Practice focused on extensive patent prosecution; patent, trademark and copyright litigation; and patent, trademark and copyright transactional work
- Served as Partner

**Cullen, Sloman, Cantor, Grauer, Scott & Rutherford—Detroit, MI**        **1986-1988**

- Associate
- Practice focused on extensive patent prosecution; patent, trademark and copyright litigation; and patent, trademark and copyright transactional work.

**United States Patent and Trademark Office—Crystal City, VA**            **1984-1986**

- Examiner in Sheet Feeding and Shock Absorber and Brakes arts

**Hoffman & Wheeler, Amarillo, TX**                                       **1983-1984**

- Of Counsel

**University of Texas School of Law**                                     **1979-1983**

- Visiting Professor 1979-1980
- Assistant Professor 1981-1983
- Taught courses in Remedies, Creditors Rights and Bankruptcy, Antitrust, Torts, Intellectual Property, Patent Prosecution, and Legal History
- Served as counsel to University President and as Chairman and member of a number of University committees

**University of Detroit School of Law**                                   **1978-1979**
                                                                          **1974-1976**
                                                              **Summers 1974-1982**

- Assistant Professor and Assistant Dean (resident only 3 years—1974-76 and 1979)
- Taught courses in Remedies, Creditors Rights and Bankruptcy, Antitrust, Torts, Business Torts, Trademarks, Jurisprudence, Intellectual Property, Patent Prosecution, and Legal History

- Served as Chairman and member of a number of committees
- Ran special Summer Institute for beginning law students

**University of Wisconsin Law School**                                      **1977-1978**
- Visiting Professor
- Taught courses in Remedies and Torts

**Harvard University and Harvard University Law School**                    **1976-1977**
- Fellow in Law and the Humanities
- Member of think tank
- Lectured on Slavery issues

## EDUCATION

**Certificate—Parker School of Foreign and Comparative Law**               **1975**
**Columbia University School of Law, N.Y.**

**LL.M.—Columbia University School of Law, N.Y.**                          **1974**

- Burton Fellow in Intellectual Property

**J.D.—University of Detroit School of Law, Detroit, MI**                  **1973**

- Dean's Award
- Journal of Urban Law (Law Review)

- Alpha Sigma Nu (National Jesuit Honor Society)

**B.S.—Oakland University, Rochester, MI**                                 **1970**

- Honors in Electrical Engineering
- Tau Beta Pi
- Attended Carnegie Institute of Technology before finishing last year at Oakland University.

## BAR ADMISSIONS

- State of Michigan
- U.S. District Court for the District of Michigan, Eastern Division
- U.S. District Court of the District of Michigan, Western Division
- U.S. Court of Appeals for the Federal Circuit
- United States Patent and Trademark Office

## SELECTED PROFESSIONAL AFFILIATIONS

- American Intellectual Property Association
- American Bar Association, IPL Section
- National Patent Law Association, Intellectual Property Law Section
- Giles Sutherland Rich American Inn of Court

## Publications

*Digital Tech May Revolutionize Global Commerce,* NAT'L L. J., Oct. 25, 1995, at C23.

*The New Patent and Trademark Office Paradigm for Design Patents,* 24 AM. INTELL. PROP. L. ASS'N Q. J. 317 (1996)

*Patent Harmonization Committee Report,* AM. INTELL. PROP. L. ASS'N BULL. 486 (May 1995).

WEST'S LEGAL FORMS, PATENTS, TRADEMARKS & COPYRIGHTS (Supp. 1990-93).

## Partial List of Presentations and Papers

*High Technology Law in the Twenty-First Century:  Second Annual High Technology Law Conference,* SUFFOLK TRANSNAT'L L. REV. 1 (Winter 1997).

*Intellectual Property Rights - Achieving TRIPS Level Protection,* APEC INDUSTRIAL PROPERTY RIGHTS SYMPOSIUM (Tokyo, August 1996)(Session 2: Achieving TRIPS Level Protection, "Keynote Address")

*New Ideas about Patenting and Regulating Phytotechnical Innovations* (with *Robert G. Pinco),* NUTRACON '99 (Las Vegas, July 12-14 1999)

*Ethics for Intellectual Property Practitioners,* Arlington County Bar Association (Crystal City, VA, April 26 1997)

*Japan and the New Asia,* Keynote speech for INTELLECTUAL PROPERTY: JAPAN AND THE NEW ASIA (Wash. DC, October 21 1997)

*Materials, Processes, and Intellectual Property for the 21st Century,* SAMPE'99 (Long Beach, May 25 1999)(Presented to the Society for the Advancement of Material and Process Engineering annual world-wide convention as a part of a Special Keynote Panel)

*International Intellectual Property in the 21st Century,* 13TH ANNUAL COMPUTER LAW CONFERENCE (1999)(*Sponsored by* The University of Texas School of Law)

*Patenting EST's,* PATENTING HUMAN GENES: AN INCENTIVE OR IMPEDIMENT TO RESEARCH, AMSIE'97 (Seattle, February 1997) (for the AAAS Annual Meeting and Science Innovation Exposition).

*United States Intellectual Property Policy,* PROCEEDINGS OF THE THIRD U.S.-KOREA SCIENCE AND TECHNOLOGY FORUM (Copyr. 1996, George Mason University Center for Science, Trade, and Technology Policy)

*What's New in Patents? Changes to the U.S. Patent Laws.* ASEE ELD 1996 CONFERENCE SESSIONS (Wash. DC 1996)

*The State of the United States Patent and Trademark Office,* 41ST ANNUAL CONFERENCE ON DEVELOPMENTS IN INTELLECTUAL PROPERTY LAW AT THE JOHN MARSHALL

## CASES IN WHICH I HAVE TESTIFIED IN COURT OR BY DEPOSITION SINCE 2000

Since January 1, 2000, I have testified in trial and by deposition in sixty-seven (67) cases. I have testified in trial in thirteen (13) cases:

(1.)   *Ziarno v. Red Cross et al., Civil Action No. 99 C 3430 (N.D. Ill.);*

(2.)   *Driver ID Inc. v. Triple M Financing and Payment Protection Syste the ms Inc., Case No. 00-70645 (E.D. Mich.);*

(3.)   *Tanashin Denki Co., Ltd. v. Thomson Consumer Electronics, Inc., and Thomson Consumer Electronics Canada. Inc., Civil Action No. IP 99-836-C Y/G (S.D. Indiana, Indianapolis Division);*

(4.)   *Utah Medical Products, Inc. v. Graphic Controls Corporation, Civ. No. 2:97CV0475 (D. Utah, Central Div.);*

(5.)   *Jeneric/Penetron, Inc. v. Dillon Company, Inc., Chemichl AG, and Chemichl, Inc., Civil Action Nos. 3:98-CV-818 (EBB)-LEAD and 3:99-CV-1775 (EBB) (D. Conn.);*

(6.)   *Gen-Probe Incorporated v. Vysis, Inc., No. 99-CV-2668H AJB (S.D. Cal.);*

(7.)   *In re Omeprazole Litigation, S.D.N.Y., MDL Docket No. 1291 (1999);*

(8.)   *Caterpillar Inc. v. Sturman Industries, Inc., Oded E. Sturman, and Carol K. Sturman, C.A. No. 99-CV-1201 (C.D. Ill.);*

(9.)   *Fusion Lighting, Inc: v. Westinghouse Electric Corporation, Northrop Grumman Corporation and Edward H. Hooper, Civ. Action No. 209848 (C.C. MD. Mont. County 2000);*

(10.)   *Ole K. Nilssen v. Magnetek, Inc., Arbitration No. 51 133 Y 01452 04 (from Case No. 98 C 2229 (N.D.Ill.));*

(11.)   *AstraZeneca Pharmaceuticals LP, and AstraZeneca UK Ltd., v. Faulding Pharmaceutical Co., Civil Action Nos. 02 CV 7936 and 03 CV 6487 (WHP) (S.D.N.Y.);*

(12.)   *Ole K. Nilssen and Geo Foundation, Inc. v. Osram, Inc., and Osram Products, Inc., Civ. Act. No. 01 CV 3585 (N.D. Ill., 2003); and*

(13.)   *Heuft Systemtechnik GmbH v. Industrial Dynamics Co., Ltd., Civil Action No. 05CV6299 GPS (JTL) (C.D.Cal.).*

Since January 2000, I have been deposed in sixty-seven (65) cases—several times in some of them. I was deposed in 11 of the cases that were cited above as *Driver ID v. Triple M Financing and Payment Protection Systems; Tanashin Denki v. Thomson Consumer Electronics, Inc.; Utah Medical Products v. Graphic Controls Corp.; Gen-Probe v. Vysis; In re Omeprazole Litigation, Caterpillar v. Sturman Industries; Fusion Lighting, Inc. v. Westinghouse Electric Corporation; Ole K. Nilssen v. Magnetek, Inc.; AstraZeneca Pharmaceuticals LP and AstraZeneca UK Ltd. v. Faulding Pharmaceutical Co.; Ole K. Nilssen and Geo Foundation, Inc.*

*v. Osram, Inc., and Osram Products, Inc; and Heuft Systemtechnik GmbH v. Industrial Dynamics Co., Ltd.;* and I was deposed in fifty-four (54) other cases, which I cite as follows:

(1.)    *IMT, Inc. and MTI, Inc. v. Haynes & Boone L.L.P., Jeffrey Becker and Timothy Powers, In the County Court at Law Number Two, Dallas, Texas, Cause No. 98-10075-b;*

(2.)    *C.R. Bard and Davol, Inc., v. United States Surgical Corporation, Civil Action No. 99-286 (RRM) (D. Del.);*

(3.)    *Pechiney Rhenalu v. Alcoa, Inc., Civil Action No. 99-301 (SLR) (D. Del.);*

(4.)    *Elonex I.P. Holdings, Ltd.. and Elonex PLC v. Dell Computer Corporation, Viewsonic Corp., Mag Technology USA. Inc., Princeton Graphics Systems, Inc., Micron Electronics, Inc., Mag Technology Co., Ltd., Sony Electronics, Inc., and Capetronic Computer USA (HK), Ltd., Civil Action No. 98-689 (GMS) (D. Del.);*

(5.)    *Valeo Electrical Systems, Inc. v. Siemens Automotive Corporation, Civil Action No. 99-CV-40430 (E.D. Mich.);*

(6.)    *Don De Cristo Concrete Accessories, Inc. v. American Allsafe Company, Inc., Flex-O-Lite, Inc., and Jackson Products, Inc., d.b.a. Services & Materials Company, SACV00-30 AHS (Eex) (C.D. Cal.);*

(7.)    *Rodel, Inc., and Rodel Holdings, Inc. v. Cabot Corporation, C.A. No. 99-256-JJF (D. Del.);*

(8.)    *Genzyme Corporation, Genzyme Surgical Products Corporation, Donald P. Elliott, Lynn Halseth, Nicolas F. D'Antonio, and Nicolas J. D'Antonio v. Atrium Medical Corporation, C.A. No. 00-958-RRM (D. Del.);*

(9.)    *Leon Stambler v. RSA Security, Inc., Verisign, Inc., First Data Corporation, and Omnisky Corporation, C.A. No. 01-0065-SLR (D. Del.);*

(10.)    *In the Matter of Certain Microlithographic Machines and Components Thereof, Investigation No. 337-TA-468 (ITC 2002);*

(11.)    *Isis Pharmaceuticals, Inc. v. Sequitur, Inc., Civil Action No. 01 CV 1223, 01 CV 2286, and 02 CV 0842 B (JFS) (S.D. Cal. 2002);*

(12.)    *Southwest Die Corporation v. Ontario Die Company Limited, ODC International, Inc. and Ontario Die Company of America, Civil Action No. EP-01-CA-00204-EP (W.D. Tex.);*

(13.)    *Tulip computers International, B.V. v. Dell Computer Corporation, Civil Action No. 00-981-RRM (D. Del.);*

(14.)    *Isis Pharmeceutical, Inc. v. Sequiture, Inc., Case No. 01 CV 1223 B (S.D.Cal.);*

(15.)    *Electronic Trading Systems Corporation v. The New York Mercantile Exchange, Civil Action No. 00-CV-7431-KMW (S.D.N.Y.);*

(16.)   *Warner-Lambert Company v. Teva Pharmaceuticals USA, No. 99-922 (DRD) (D.N.J.);*

(17.)   *Genentech, Inc., v. Amgen Inc., No. C-96-37WHA (N.D. Cal.);*

(18.)   *Wellstat Therapeutics Corp. (f/k/a/ Pro-Neuron, Inc.) v. The Regents of the University of California; Dr. Robert K. Naviaux; Repligen, Inc., and Does 1 through 20, inclusive, No. GIC 769430 (Super. Ct. Cal.)*

(19.)   *Leviton Manufacturing, Inc., v. Universal Security Instruments, Inc., 01CV3855 AMD (D.Md.);*

(20.)   *Intermark Fabric Corporation v. Microfibres, Inc., Civil Action No. 3-02CV0032-K (D. Conn.);*

(21.)   *Donnelly Corporation v. Johnson Controls Technology Company/ Johnson Controls Technology Company and Johnson Controls Interiors, L.L.C. v. Donnelly Corporation, consolidated under Case No. Numeral 1:02-CV-251 (W.D. Mich.);*

(22.)   *The Proctor & Gamble Company v. The Coca-Cola Company, Civil Action No. C-01-02-393 (WHR) (S.D. Ohio);*

(23.)   *JJK Industries, L.P. v. KPlus, Inc., and Eric A. Klein, Civil Action No. H-02-2259 (S.D. Texas);*

(24.)   *MKS Instruments, Inc., and Applied Science and Technology, Inc., v. Advanced Energy Industries, Inc., Civil Action No. 03-03-469-JJF (D.Del.);*

(25.)   *Motorola, Inc., v. Analog Devices, Inc., Civil Action No. 1:03-CV-0131 (Clark, J.) (E.D. Texas);*

(26.)   *In re Omeprazole II Litigation, MDL Docket No. 1291 (S.D.N.Y. , 1999);*

(27.)   *Palomar Medical Technologies, Inc., and The General Hospital Corporation v. Cutera, Inc., Civil Action No. 02-10258-RWZ (D. Mass.);*

(28.)   *Cedars-Sinai Medical Center, et al. v. Mitchell, Silberberg & Knupp, LLP, et al., Case No. BC 287823 (Sup. Ct. Cal.) (Lager, J.);*

(29.)   *Cephalon, Inc., v. Mylan Pharmaceuticals, inc., Teva Pharmaceuticals USA, Inc., Barr Laboratories, Inc., and Ranbaxy Laboratories Limited, Civil Action No. 03-CV-1394 (JCL) (D.C.N.J.);*

(30.)   *In the Matter of Certain Digital Image Storage and Retrieval Devices, Investigation No. 337-TA-527 (ITC 2004);*

(31.)   *Richard J. Ditzik v. ViewSonic Corporation, Samsung Electronics of America, Inc., NEC Mitsubishi Electronics Display of America, Inc, Planar Systems, Inc., Dell, Inc. and CompUSA, Inc., Civil Action Nol 03-74043 (GER) (E.D. Mich.);*

**Exhibit-A—Testimony Since January 2000**
**Page 3**

(32.)   *Braintree Laboratories, Inc. v. Schwarz Pharma, Inc., Civ. Act. No. 03-477-SLR (D. Del.);*

(33.)   *The Regents of the University of California v. Monsanto Company, Case No. C04-00634-PJH (EDL) (N.D. Cal.);*

(34.)   *JDS Uniphase Corporation v. Northrop Grumman Corporation, nka Northrop Grumman Systems Corporation and Northrop Grumman Systems Corporation, fka Northrop Grumman Corporation, v. JDS Uniphase Corp., Civil Action No. 03 CV. 332 (GEL) (S.D.N.Y.);*

(35.)   *PHT Corporation v. Invivodata, Inc., C.A. No. 04-60 (GMS), and PHT Corporation v. CRF, Inc, C.A. No. 04-61 (GMS) (D.Del);*

(36.)   *The Rockefeller University and Chiron Corporation v. Centocor, Inc., and Abbott Laboratories, Civil Action No. 2-04-CV-168-TJW (E.D. Texas);*

(37.)   *Xcel Pharmaceuticals, Inc. v. Kali Laboratories, Inc., Civ. Act. No. 2:04-CV-3238 (JCL) (D.N.J.);*

(38.)   *In the Matter of Certain Axle Bearing Assemblies, Components Thereof, and Products Containing the Same, Investigation No. 337-TA-554 (ITC);*

(39.)   *Gen-Probe Incorporated v. Bayer Healthcare, LLC, and Bayer Corporation, Case No. 04-CV -565LAB (WMC)(S.D. Cal.);*

(40.)   *Lucent Technologies Inc. v. Gateway, Inc., Gateway Country Stores LLC, Gateway Companies, Inc., Gateway Manufacturing LLC and Cowabunga Enterprises, Inc., Case No. 02-CV-2060-B (CAB) consolidated with Case No. 03-CV-0699-B (CAB) and Case No. 03-CV-1108-B (CAB);*

(41.)   *Caterpillar, Inc., v. Navistar International Transportation Corp., International Truck & Engine Corp., Newstream Enterprises, LLC, Sturman Industries, Inc., and Sturman Engine Systems LLC, Civil Action No. 02 MR 22 (C.C. 10th Jud.Cir. Peoria,Ill.);*

(42.)   *Monsanto Company and Monsanto Technology LLC v. Syngenta Seeds, Inc., and Syngenta Biotechnology, Inc., Civil Action 04-305-SLR (D.Del.);*

(43.)   *Shuffle Master, Inc., and IGT v. MP Games LLP DB/A MindPlay Games, Robert Mouchou, Alliance Gaming Corp. DB/A Bally Gaming and Systems and Bally Gaming, Inc.,CV-N-04-0407 ECR (RAM) (D. Nev.);*

(44.)   *The Board of Regents of the University Of Texas System v. BenQ America Corp., et al., Consolidated Case No. A:05CA (W. D. Texas);*

(45.)   *O2 Micro International Ltd. v. Samsung Electronics Co., Ltd. and Samsung Electronics America Inc., Civ. Action No. 2:04-CV-323 (Ward) (E.D. Texas);*

(46.)   *The Johns Hopkins University and Arrow International, Inc., v. Datascope Corporation, Civil Action No. 1:05-cv-00759 (WDQ) and 1:06-cv-02711 (WDQ) (D. Md.);*

(47.)   *Innovative Solutions and Support, Inc., v. J2, Inc., Joseph Caesar, James Zachary Technologies, Inc., and Kollsman, Inc., Case No.: 05-2665-MI P (W.D. Tennessee);*

(48.)   *Murata Manufacturing Co., Ltd., v. Bel Fuse, Inc., Bel Fuse Ltd., Bel Stewart Ltd., and Bel Connector, Inc. d/b/a Stewart Connector and Bel Stewart, Case No. 03C2934 (JBG) (N.D. Ill.);*

(49.)   *Walter Kidde Portable Equipment, Inc. v. Universal Security Instruments, Inc., Case No.1:03CV00537 (Judge Bullock) (M.D.N.C.);*

(50.)   *Nidec Corporation v. Victor Company of Japan, Ltd., JVC Components (Thailand) Co., Ltd., Agilis Inc., and Agilis Technology Inc., (Defendants), Nidec America Corporation and Nidec Singapore PTE, Ltd., (Additional Defendants on the Counterclaims), Case No.C05 00686 SBA (EMC) (N.D.Cal.);*

(51.)   *Howmedica Osteonics Corp. v. Zimmer, Inc., Centerpulse Orthopedics, Inc. (formerly known as Sulzer Orthopedics, Inc.), and Smith & Nephew, Inc., Case No.: 05-897 (WHW) (D. N.J.);*

(52.)   *In re Katz Interactive Call Processing Patent Litigation relating to:  Ronald A. Katz Technology Licensing L.P. v. Reliant Energy, Inc. et al., 07-cv-2096; Ronald A. Katz Technology Licensing L.P. v. American Airlines et al., 07-cv- 2196; Ronald A. Katz Technology Licensing L.P. v. American Int'l Group, Inc. et al.,07-cv-2 192; Ronald A. Katz Technology Licensing L.P. v. Aetna, Inc. et al., 07-cv-2213; Ronald A. Katz Technology Licensing L.P. v. U.S. Bancorp et al., 07-cv-2360; Ronald A. Katz Technology Licensing L.P. v. Time Warner Cable, Inc. et al., 07-cv-2 134; Ronald A. Katz Technology Licensing L.P. v. American Elec. Power Co., Inc. et al., 07-cv-2257; Ronald A. Katz Technology Licensing L.P. v. General Motors Corp. et al., 07-cv2339; Ronald A. Katz Technology Licensing L.P. v. General Elec. Capital Corp. et al., 07-cv-2336; Ronald A. Katz Technology Licensing, L.P. v. Earthlink, Inc. et al., 07-cv-2325; Ronald A. Katz Technology Licensing L.P. v. Cox Communications, Inc. et al., 07-cv-2299; CVS Caremark Corp. v. Ronald A. Katz Technology Licensing L.P., 07-cv-3 002; Ronald A. Katz Technology Licensing L.P. v. Ahold, USA, Inc. et al, 07-cv 2 101; Ronald A. Katz Technology Licensing L.P. v. DirecTV Group, Inc. et al., 07-cv-2322 RGK (C.D.Cal.); and*

(53.)   *In the Matter of:  Certain Variable Speed Wind Turbines and Components Thereof, Investigation No. 337-TA-641 (ITC 2009); and*

(54.)   *Medtronic, Inc., Metronic USA, Inc., and Metronic Vascular, Inc., v. AGA Medical Corporation, Case No.C07 00567 SBA (MMC) (N.D.Cal.).*

## Documents Considered

1. U.S. Patent No. 5,774,670.

2. Prosecution History of U.S. Patent No. 5,774,670.

3. Manual of Patent Examining Procedure (Editions as indicated).