**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| NETSCAPE COMMUNICATIONS CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:09-cv-225-TSE-TRJ |
| v. | ) |
| | ) |
| | ) |
| VALUECLICK, INC., MEDIAPLEX, INC., | ) |
| FASTCLICK, INC., COMMISSION | ) |
| JUNCTION, INC., MEZIMEDIA, INC., and | ) |
| WEB CLIENTS, L.L.C., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS VALUECLICK, INC.'S AND FASTCLICK, INC.'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR
MOTION TO COMPEL PRODUCTION OF DOCUMENTS CONCERNING SUN
MICROSYSTEMS FROM PLAINTIFF NETSCAPE COMMUNICATIONS CORP.**

ValueClick, Inc. and FastClick, Inc. (collectively, the "Defendants") submit this

memorandum in support of their motion pursuant to Fed. R. Civ. P. 37 for an order compelling

Plaintiff Netscape Communications Corp. ("Netscape") to produce all documents marked as

privileged on the grounds of an alleged "joint privilege agreement" between Netscape and Sun

Microsystems.  As explained below, Defendants believe that the documents concerning Sun

Microsystems are potentially central to the issues raised in this action and are being withheld on

the grounds of an alleged joint defense privilege agreement between Sun Microsystems and

AOL, Netscape's successor, that in fact is nothing more than a commercial arrangement between

two entities; accordingly, the joint defense or common interest privilege does not protect such

documents.  Defendants respectfully request that this Court order the production of these

documents.

## BACKGROUND

The above-captioned action is a patent infringement suit brought by Netscape against ValueClick, Inc., *et al*.  In essence, Netscape alleges that Defendants and the other defendants in this action infringe, induce others to infringe, and/or contribute to the infringement by others of one or more claims of U.S. Patent No. 5,774,670 (the "'670 patent"), entitled "Persistent Client State in a Hypertext Transfer Protocol Based Client-Server System," which issued on June 30, 1998.

In its two privilege logs, listing 3,374 documents in the aggregate (the "Privilege Logs"), Netscape describes 14 documents – documents numbered 6, 33, 41, 44, 51, 84, 85, 93, 100, 2439, 2440, 2441, 2442, and 2551 (the "Sun Documents") – as confidential communications "between AOL/Netscape in-house attorney or staff and Sun Microsystems in-house attorney or staff pursuant to joint privilege agreement…," and asserts protection under the attorney-client or joint defense privilege.  (See Declaration of Thomas J. Schell ["Schell Decl."], Exhibits A and B.)  Because Sun Microsystems is not a party to this action and the Privilege Log descriptions provide no further detail of the relationship between Sun Microsystems and AOL/Netscape, Netscape fails to provide any valid basis for a joint defense privilege.

Defendants' counsel conferred in good faith with Netscape's counsel in an effort to obtain the Sun Documents without court action.  (See Schell Decl., ¶ 10, and Exh. C, E, and F.)[1]

---

[1]    Defendants, by July 2, 2009 letter from their counsel (the "July 2 Letter"), requested (i) a copy of the alleged joint privilege agreement between Sun Microsystems and AOL/Netscape, and (ii) an explanation regarding the alleged common interests between AOL/Netscape and Sun Microsystems.  (See Schell Decl., Exh. C.)  In addition, in this letter, Defendants asked Netscape's counsel to address two other issues: (i) approximately 189 documents in the Privilege Logs are vaguely described and do not fully identify the author and/or recipient, and thus fall far short of meeting the Fourth Circuit requirements of an "adequate privilege log"; and (ii) the Privilege Logs indicate that about 67 documents with attorneys' handwriting or other markings on them may have been withheld in their entirety, rather than produced in redacted form.

However, because Netscape ultimately refused to produce the Sun Documents (see Schell Decl., Exh. F.), Defendants seek relief in the instant motion.[2]

## ARGUMENT

The content of the Sun Documents is potentially central to the issues in this action because during the prosecution of a companion patent related to the '670 patent-in-suit, the prosecuting attorney on behalf of Netscape cited the European application corresponding to U.S. Patent No. 5,761,662 (the "'662 patent"), owned by Sun Microsystems; the '662 patent issued on June 2, 1998, and was a continuation of a Sun Microsystems patent application filed on December 20, 1994.  This could make the Sun Microsystems patent presumptive prior art to the '670 patent and may otherwise make the '670 patent invalid under 11 U.S.C. § 102(g).[3]  The communications, among other things, in the Sun Documents, thus, may concern invalidity and other defenses raised by Defendants in this action.

---

Based on representations made by Netscape's counsel on July 16, 2009 that two issues not concerning the Sun Documents would be promptly addressed (see Schell Decl., Exh. F), Defendants have refrained for the time being from seeking relief from the Court on those issues.  However, Defendants reserve their rights to seek relief at a future date if Netscape fails to address them adequately.

[2]     On July 10, 2009, Netscape's counsel provided the document, entitled "Joint Defense & Common Interest Agreement," on which Netscape's claim of joint privilege is based.  (See Schell Decl., Exh. D.)  After reviewing the agreement, Defendants' counsel advised Netscape's counsel that its position did not change, and reiterated its request for the Sun Documents.  (See Schell Decl., Exh. E.)  Netscape's counsel considered producing the documents, but on July 16, 2009, indicated that it would refuse to do so.  (See Schell Decl., Exh. F.)

[3]     The Abstract of the '662 patent states, in part, "[t]he first application program can store a file containing the user-defined profile in order to retain a state of the user-profile, and cause the stateless server to emulate a server which retains its state from session to session."  It should also be noted that the prosecuting attorney on the '662 patent was Blakely, Sokoloff, Taylor & Zafman (see Schell Decl., Exh. G), the very same firm that was the original prosecuting attorneys for the '670 patent until they were replaced by Mr. Glenn and his firm.

3

The potential import of these documents heightens the need for an adequate justification for Netscape's claim of privilege.  Netscape has provided no such justification, nor could it.

## I.        THE PRIVILEGE LOGS ARE INADEQUATE

The Fourth Circuit has made clear that the attorney-client privilege should be "narrowly construed and recognized only to the very limited extent that … excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth."  Hawkins v. Stables, 148 F.3d 379, 383 (4th Cir. 1998) (internal quotations and citations omitted).[4]  "It is well-established that the party asserting the privilege has the burden of proving its existence, and must supply opposing counsel with sufficient information to assess the applicability of the privilege or protection, without revealing information which is privileged or protected."  Cappetta v. GC Services Limited Partnership, No. 3:08CV288, 2008 WL 5377934, at *4 (E.D. Va. Dec. 24, 2008) (internal quotations omitted).[5]

---

[4]      The party seeking to assert the privilege bears the burden of establishing that the privilege applies, see id.; Rambus, Inc. v. Infineon Tech. AG., 220 F.R.D. 264, 272, and the Fourth Circuit has adopted a "classic test" for determining its applicability:

> The privilege applies only if (1) the asserted holder of the privilege is or has sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

Hawkins, 148 F.3d at 383.

[5]      See also Fed. R. Civ. P. 26(b)(5) (requiring the party asserting the privilege to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or

4

An adequate privilege log must contain:

> a brief description or summary of the contents of the document, the date the document was prepared, the person or persons who prepared to document, the person to whom the document was directed, or for whom the document was prepared, the purpose in preparing the document, the privilege or privileges asserted with respect to the document, and how each element of the privilege is met as to that document.

Id. (quoting Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 594 (W.D.N.Y. 1996)).

As explained below, Netscape's descriptions of the Sun Documents are not specific enough to establish the privilege.  Indeed, it has become clear that the Sun Documents are simply not privileged at all.

## II.     THE SUN DOCUMENTS SHOULD BE PRODUCED

Netscape's descriptions of the Sun Documents refer solely to an alleged "joint privilege agreement" without any reference to the actual or potential litigation on which the agreement is based – and, moreover, as explained below, the agreement does not contemplate such litigation. On this basis alone, Netscape has failed to meet its burden of establishing that the Sun Documents are entitled to protection under the privilege.

The Fourth Circuit has described the joint defense privilege as follows:

> The joint defense privilege, an extension of the attorney-client privilege, protects communications between parties who share a common interest *in litigation*. …. The purpose of the privilege is to allow persons with a common interest to "communicate with their respective attorneys and with each other to more effectively *prosecute or defend their claims*." …. For the privilege to apply, the proponent must establish that the parties had "some common interest about a legal matter."

---

disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim").

In re Grand Jury Subpoena: Under Seal, 415 F.3d 333, 341 (4th Cir. 2005) (citations omitted) (emphasis supplied).

Thus, for the joint defense privilege to apply, there must be some evidence of actual, contemplated, or prospective litigation. Where, as here, such evidence is absent, there can be no valid assertion of the privilege. See Federal Election Comm'n v. Christian Coalition, et al., 178 F.R.D. 61, 73 (E.D. Va.) (finding that there was "no evidence in the record to show that [non-party] was the subject of *any* actual, contemplated, or prospective litigation when [a party] shared these privileged communications…") (emphasis in original), aff'd in part and modified in part on other grounds, 178 F.R.D. 456 (E.D. Va. 1998).[6]

The joint defense privilege is inapplicable where there is no indication that any parties to the alleged privileged conversations were "target[s] or [were] about to become the target" of an agency probe "or any other litigation." Federal Election Comm'n, 178 F.R.D. at 73. The Fourth Circuit specifically denied the privilege's protection where the alleged common interest parties "pursued a common strategy with respect to [] press inquiries and any potential litigation to which the press reports could give rise." United States v. Aramony, 88 F.3d 1369, 1392 (4th Cir. 1996) (internal quotations omitted). The court held that while "defenses to allegations … could help preserve [a party's] reputation, the preservation of one's reputation is not a legal matter. If the allegations concerning [the party] could have subjected [it] to civil or criminal liability, [its] claim would be stronger." Id.

---

[6]     See also Hunton & Williams, LLP v. United States Department of Justice, No. 3:06CV477, 2008 WL 906783, at * 5 (E.D. Va. March 31, 2008) (the common interest doctrine "protects from forced disclosure communications between parties and/or their respective counsel and the exchange of work product among attorneys where those parties are participating in a joint effort to establish a common defense strategy *in connection with actual or prospective litigation*") (citations omitted) (emphasis supplied).

6

The "Joint Defense & Common Interest Agreement," between Sun Microsystems and AOL (upon information and belief, Netscape's successor), which Netscape claims is the basis for the common interest privilege, provides:

# *Redacted:  Filed under Seal*

There is no reference to any litigation pending or even on the horizon.

As <u>Aramony</u> and other courts in this Circuit make clear, for the joint defense privilege to apply, the parties' joint interest must be "about a legal matter," <u>Aramony</u>, 88 F.3d at 1392, rather than just a merely commercial one; the real threat of litigation (even if not "in progress") must be present.  Merely stating that two parties' common commercial interests include "actual or potential litigation" does not create a "legal matter" over which there can be a privilege.

Moreover, given the lack of detail in the Privilege Logs regarding the Sun Documents, there is no way to determine whether the communication is actually privileged (regardless of whether the common interest applies).[7]  On the face of the non-privileged documents, it appears

---

[7]     <u>See</u> <u>In re Grand Jury Subpoenas, 89-3 and 89-4, John Doe 89-129</u>, 902 F.2d at 249 (as "an exception to waiver, the joint defense or common interest rule presupposes the existence of an otherwise valid privilege").

that Sun Microsystems and AOL are simply parties to an arms-length agreement, and thus are as likely to be adverse with respect to their respective rights as they are to have a common interest. In sum, none of the information that Netscape has provided justifies extending the joint defense privilege to the Sun Documents.[8]

## **CONCLUSION**

Defendants respectfully request an order from the Court compelling Netscape to (i) produce the Sun Documents; or (ii) in the alternative to make them available for in camera inspection, so that the Court can decide whether they are indeed protected by the attorney-client privilege.

---

[8]     In Netscape's counsel's July 16, 2009 e-mail (see Schell Decl., Exh. F), Netscape contends that "there is no requirement that the joint privilege be predicated upon any pending or imminent litigation when the parties share common legal interests." However, the Fourth Circuit case Netscape cites still involved a "dispute" involving the protected parties, albeit not an actual litigation "in progress." See Hanson v. U.S. Agency for Intern. Development, 372 F.3d 286, 292 (4th Cir. 2004) ("USAID and CDM were both united by a common interest in resolving the construction dispute on favorable terms, and both received counsel on this matter from Roy"). The other case Netscape's counsel cited, Fort v. Leonard, involved an actual litigation No. 7:05-1028-HFF-WMC, 2006 WL 2708321, *1 (D.S.C. 2006) ("Trustee's amended complaint alleges commonality among all the defendants in both the factual allegations and the causes of action").

C070950\0231836\1542663.1

Dated:  July 17, 2009

Respectfully submitted,

/s/ Amy S. Owen
Amy S. Owen (VSB # 27692)
aowen@cochranowen.com
Sheila M. Costin (VSB # 31452)
scostin@cochranowen.com
Cochran & Owen LLC
8000 Towers Crescent Drive
Suite 160
Vienna, VA 22182
Ph: (703) 847-4480
Fx: (703) 847-4499

Lawrence G. Kurland
Joseph J. Richetti
BRYAN CAVE, LLP
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 541-2000
Fax: (212) 541-4630

*Counsel for Defendants ValueClick, Inc. and
FastClick, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Memorandum of Points and Authority in Support of Defendants ValueClick, Inc. and FastClick, Inc.'s Motion to Compel Production of Documents was served this 17th day of July, 2009 via electronic filing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

**EMAIL DELIVERY**
Robert L. Burns
Umar Arshad
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190
robert.burns@finnegan.com
Ph: (571) 203-2700
Fax: (202) 408-4400

Gerald F. Iwey
C. Gregory Gramenopoulos
John Williamson
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001
Ph: (202) 408-4282
Fax: (202) 408-4400
*Counsel for Netscape Communications Corp.*

_____/s/ Sheila S. Costin_____
Amy S. Owen (Bar #27692)
aowen@cochranowen.com
Sheila M. Costin (Bar #31452)
scostin@cochranowen.com
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia  22182
(703) 847-4480 (office)
(703) 847-4499 (facsimile)