**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| NETSCAPE COMMUNICATIONS CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:09-cv-225-TSE-TRJ |
| | ) | |
| v. | ) | |
| | ) | |
| VALUECLICK, INC., MEDIAPLEX, INC., | ) | |
| FASTCLICK, INC., COMMISSION | ) | |
| JUNCTION, INC., MEZIMEDIA, INC., | ) | |
| and WEB CLIENTS, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

**NETSCAPE COMMUNICATION CORP.'S MEMORANDUM IN SUPPORT OF**
**MOTION TO COMPEL PRODUCTION OF DEFENDANTS'**
**SOURCE CODE AND SERVER LOGS**

Plaintiff Netscape Communications Corporation ("Netscape") brings this motion to compel Defendants to produce certain source code pursuant to Netscape's document requests and the procedures of the Agreed Protective Order. Netscape also seeks to compel production of one-week samples of Defendants' server logs.

SOURCE CODE

On June 27, 2009, Netscape served Defendants Commission Junction, Inc., Mediaplex, Inc., MeziMedia, Inc., and Web Clients, LLC ("Defendants")[1] with a request for "[a]ll versions of source or object code . . . for [Defendants'] Relevant Products and Relevant Services," defined as Defendants' products and services that make use of HTTP Cookies. *See* Ex. 1 (Netscape's First Set of Requests for Production), at 3, Ex. 2 (Netscape's First Set of Interrogatories), at 2.

---

[1] Discovery has been proceeding against two of the six defendants—ValueClick, Inc. and Fastclick, Inc.—since April. Discovery the other four of the six defendants—"the Defendants" for purposes of this motion—is less mature because those Defendants were recently added to the case on June 26, 2009.

On July 22, 2009, Netscape narrowed the scope of the requested source code documents to only the "current 'production' source code files for the Relevant Products and Relevant Services," whereas "production" source code refers to the source code currently being used as distinct from development code, and whereas "current . . . source code files" refers to only the most recent versions of the source code files as distinct from the countless prior versions of such files.  *See* Ex. 3 (July 22, 2009, Letter from N. Nugent to T. Schell), at 2.   Moreover, consistent with paragraph 12 of the Agreed Protective Order, Netscape requested that such source code files be produced in native electronic format in order to expedite the production of the files and enable Netscape's experts to fully analyze the source code files and the asserted infringement of the patent in suit.  *See id.* at 2; Ex. 4, at 6-7.

Netscape's request for the Defendants' "production" source code files should have come as no surprise to the Defendants because this is the exact same subset of source code that Netscape requested from the other two defendants, ValueClick and Fastclick.  ValueClick and Fastclick produced their production source code to Netscape, and Netscape's expert analyzed and relied upon this source code for his expert report.  The high degree of relevance of the production source code cannot be denied.

During a July 23, 2009, meet and confer, Defendants refused to produce their production source code in native form, offering instead to make such code "available for inspection" at Defendants' facilities.  Defendants further confirmed their refusal to produce copies of the requested source code files in a July 24, 2009, letter.  *See* Ex. 5 (July 24, 2009 Letter from T. Schell to N. Nugent).

Defendants now know that Netscape's expert needs to carefully evaluate and study the production source code (again because this was done for the expert reports that have already

issued).  As such, there is no basis for the Defendants to refuse production of their source code—and offer only an inspection—other than to obstruct Netscape and Netscape's expert's ability to properly analyze the code.  Defendants know that inspection of the source code alone is an insufficient means of production, as it does not enable Netscape's experts to properly analyze and review the code for purposes of formulating opinions on infringement of the asserted claims.

Despite the source code production by ValueClick/Fastclick, the other Defendants refuse to produce copies of their source code, arguing that Netscape's request does not correspond to a "well-defined subset of [Defendants'] computer code" under paragraph 12 of the Agreed Protective Order.  *See* Ex. 4, at 6-7.  However, Netscape's request most certainly specifies a "well-defined subset" of Defendants' source code.  Netscape's request encompasses only current versions of "production" source code files.  This subset is to the exclusion of non-production source code (e.g., development code, debugging code, legacy code) and prior versions of production source code.  In fact, Netscape's request is identical in nature to the request provided to Defendants ValueClick/Fastclick, which encompassed less than a tenth of their respective total source code sets.

Netscape's requests are well within the procedures of the Agreed Protective Order, which provides:

> The receiving party shall request only such documents as are reasonably necessary to facilitate the receiving party's preparation of the case, including (i) when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party, (ii) to prepare internal attorney work product materials, or (iii) to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses and related drafts and correspondences.

*Id.* at 7.

Furthermore, the Agreed Protective Order identifies only three bases for Defendants' objecting to Netscape's request for source code:

> (1) if it fails to define the Computer Code Production Set with sufficient precision as to enable the producing party to readily identify and collect the requested files,
>
> (2) if the resulting size of the Computer Code Production Set would be such that it could not practically be stored and produced in the above-listed Computer Code Media, or
>
> (3) if the Computer Code Production Set would unnecessarily encompass confidential, proprietary, and/or trade secret computer code that belongs to a third party or that is not reasonably necessary to facilitate the receiving party's preparation of the case.

*Id*.

None of these bases is present.  With respect to defining the "Computer Code Production Set" with sufficient precision, Netscape's request for all current versions of "production" source code files is sufficiently clear and precise.  In fact, when Netscape previously asked for identification of the same set of source code files for Defendants ValueClick/Fastclick, *see* Ex. 6 (June 28, 2009 Letter from N. Nugent to T. Schell), those Defendants had no problem whatsoever comprehending the nature of the request and identifying their current "production" code, *see* Ex. 7 (June 29, 2009 Letter from T. Schell to N. Nugent).

With respect to the size of the request and the practicality of producing the same, Netscape's request is not unduly burdensome, nor have the Defendants raised any objection concerning the same.  Moreover, during the parties' July 23, 2009, meet and confer, Defendants' counsel readily admitted that there were no logistical problems with such a production.

Finally, Defendants have made no representation that Netscape's request unnecessarily encompasses any third party's code.  In addition, it is without question that the scope Netscape's request is reasonably necessary to facilitate its preparation of the case.  Netscape requires

Defendants' production source code to analyze and verify the asserted infringement of the claims of the patent in suit.

Defendants also appear to base their objection on the "highly sensitive nature of the source code." Ex. 5, at 1. During the parties' July 24, 2009, meet and confer, Defendants' counsel repeatedly emphasized that such code is simply too sensitive and confidential to entrust to Netscape's outside litigation counsel.  Defendants' position is meritless for at least two reasons.  First, the Agreed Protective Order provides sufficient protections for Defendants' "RESTRICTED - HIGHLY CONFIDENTIAL" source code, limiting access to such code to only outside litigation counsel, technical advisors (who have signed a Confidentiality Agreement and have not been objected to by opposing counsel), and the Court.  *See* Ex. 4, at 4, 6.  When the Protective Order was negotiated the defendants agreed that these protections were sufficient for their source code.  Second, Defendants' argument is belied by the fact that Defendants ValueClick/Fastclick had no problem promptly producing the same requested set of source code when asked to do so.

In view of the foregoing, Netscape moves the Court to compel Defendants to immediately produce the current versions of their "production" source code files for their Relevant Product and Relevant Services.

<u>SERVER LOG SAMPLES</u>

In their July 24, 2009, letter, Defendants also refused to produce certain requested server log samples related to the asserted infringement.  Netscape had requested one-week samples of Defendants' server logs, evidencing the total number of Cookies transmitted to end-users in the United States.

Defendants have refused to produce the requested server samples, contending that such samples would be too large for copying on external storage devices.  However, there is no basis for Defendants' refusal, given that Defendants' had already provided one-day samples by external storage devices.  Thus, the requested one-week samples, while representing a larger set, can simply be produced by the use of one or more additional external storage devices (e.g., terabyte or suitably sized external hard drives).

In view of the foregoing, Netscape moves the Court to compel Defendants to immediately produce the requested server log files.

A good-faith effort has been made between counsel to resolve the discovery matters at issue.   However, the parties have been unable to resolve these matters.  Accordingly, for the reasons stated herein, Netscape respectfully requests that the Court grant this motion to compel the production of Defendants' source code and server logs.

July 24, 2009                          Respectfully submitted,


                                       _____/s/ Robert L. Burns_____
                                       Robert L. Burns (VSB # 65159)
                                       robert.burns@finnegan.com
                                       Umar Arshad (VSB #74638)
                                       umar.arshad@finnegan.com
                                       Nicholas J. Nugent (VSB # 77141)
                                       nicholas.nugent@finnegan.com
                                       FINNEGAN, HENDERSON, FARABOW,
                                           GARRETT & DUNNER, LLP
                                       Two Freedom Square
                                       11955 Freedom Dr.
                                       Reston, VA 20190
                                       Phone: (571)-203-2700
                                       Fax: (202) 408-4400

                                       Gerald F. Ivey (DCB #367009)
                                       gerald.ivey@finnegan.com
                                       C. Gregory Gramenopoulos (VSB #38633)
                                       c.gregory.gramenopoulos@finnegan.com
                                       John M. Williamson (DCB #472713)
                                       john.williamson@finnegan.com
                                       C. Brandon Rash (VSB #72248)
                                       brandon.rash@finnegan.com
                                       FINNEGAN, HENDERSON, FARABOW,
                                       901 New York Ave., NW
                                       Washington, DC 20001
                                       Phone: (202) 408-4000
                                       Fax: (202) 408-4400

                                       **Attorneys for Plaintiff**
                                       **Netscape Communications Corp.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 24th day of July, 2009, I will electronically file the foregoing

**Netscape Communication Corp.'s Memorandum In Support Of Motion To Compel**

**Production Of Defendants' Source Code And Server Logs** with the Clerk of Court using the

CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Amy S. Owen
aowen@cochranowen.com
Sheila Costin
scostin@cochranowen.com
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA 22182
scostin@cochranowen.com
Phone: (703) 847-4480
Fax: (703) 847-4499

Kristen A. Hird
kristin.hird@bryancave.com
BRYAN CAVE LLP
1155 F. Street NW
Washington, DC 20004
Phone: (202) 208-6000
Fax: (202) 508-6200

**Attorneys for Defendants**

                                                            /s/ Robert L. Burns
                                                     Robert L. Burns (VSB # 65159)
                                                     robert.burns@finnegan.com
                                                     Umar Arshad (VSB #74638)
                                                     umar.arshad@finnegan.com
                                                     Nicholas J. Nugent (VSB # 77141)
                                                     nicholas.nugent@finnegan.com
                                                     FINNEGAN HENDERSON FARABOW
                                                     GARRETT & DUNNER, LLP
                                                     Two Freedom Square
                                                     11955 Freedom Dr.
                                                     Reston, VA 20190
                                                     Phone: (571)-203-2700
                                                     Fax: (202) 408-4400

Gerald F. Ivey (DCB #367009)
gerald.ivey@finnegan.com
C. Gregory Gramenopoulos (VSB #38633)
c.gregory.gramenopoulos@finnegan.com
John M. Williamson (DCB #472713)
john.williamson@finnegan.com
C. Brandon Rash (VSB # 72248)
brandon.rash@finnegan.com
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER, LLP
901 New York Ave., NW
Washington, DC 20001
Phone: (202) 408-4000

**Attorneys for Plaintiff**
**Netscape Communications Corp.**