```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                         Alexandria Division




-------------------------------:
                               :
NETSCAPE COMMUNICATIONS CORP., :
           Plaintiff,          :
                               :
 -vs-                          :      Case No. 1:09-cv-225
                               :
                               :
VALUECLICK, INC., et al.,      :
           Defendants.         :
                               :
-------------------------------:




                      HEARING ON MOTIONS

                      September 4, 2009

           Before:  Mag. Judge T. Rawles Jones, Jr.
```

APPEARANCES:

Vincent Kovalick, Counsel for Plaintiff

Alec W. Farr and Sheila M. Costin, Counsel for the Defendants

```
 1            NOTE:  The case is called to be heard at 10:27 a.m.
 2   as follows:
 3            THE CLERK:  Netscape Communications versus
 4   ValueClick, et al., case number 09-cv-225.
 5            MR. FARR:  Good morning, Your Honor.  Alec Farr for
 6   the defendants.  And with me today is Sheila Costin.
 7            THE COURT:  Good morning to both of you.
 8            MR. KOVALICK:  Good morning, Your Honor.  Vince
 9   Kovalick from Finnegan Henderson on behalf of Mr. Zawinski.
10            THE COURT:  Good morning.  All right.  It's
11   defendants' motion to compel.
12            Do you all need to add anything or respond further
13   to what Mr. Zawinski's attorneys have said?
14            MR. FARR:  No, I don't believe so, Your Honor.  I
15   would just note one thing that did happen literally at the
16   moment we were filing our reply brief is that counsel finally
17   did provide to us, not in the form of an affidavit from Mr.
18   Zawinski, but just an e-mail from counsel, what they say are
19   the search terms that Mr. Zawinski used to search the
20   computer.  We have looked at them and they do appear to us to
21   be too limited.
22            And in any event, Your Honor, given the back and
23   forth that's happened over the last three or four weeks on
24   this issue, we respectfully request that we be permitted an
25   inspection of his hard drive to do the searches ourself and
```

1   take any further burden off Mr. Zawinski.

2               Thank you, Your Honor.

3               THE COURT:  Mr. Arshad, what's going on here?

4               MR. KOVALICK:  Yeah, I think I can probably shed

5   some light on that, Your Honor, because I have been involved

6   with Mr. Zawinski since the time of his deposition.  And in

7   fact, I was the lawyer that requested that rather than

8   opposing their additional discovery, that he give the

9   additional discovery because I told him, you know, after the

10  deposition, I said, you did a search, they found a couple of

11  terms they would like you to search further.  And any judge,

12  any federal judge is going to ask you to do that search.  So,

13  there is no point in fighting this now.

14              And he went through his, my right of privacy and all

15  the reasons that are in his declarations, the fact that there

16  is embarrassing and those types of e-mails in there.  He said,

17  look, Vince, I was 25 when we had these communications, there

18  is embarrassing stuff in there, I don't want that out in

19  public.  I don't know how it's going to be disseminated and I

20  don't know where it's going.  And my hard drive is full of my

21  business records now, I run a business off of my computer in

22  my home in San Francisco, and there is no way I can consent to

23  have people doing that sort of a search.

24              I said, look, I respect your right of privacy,

25  that's a reasonable position and I am happy to advocate that

1  in front of a federal judge, but you have to agree to do a
2  further search.
3          So, we asked them for the search.  We said, what do
4  you want him to do?  And that's in, it's in the briefs, it's
5  in the declarations.
6          THE COURT:  Which I have read.
7          MR. KOVALICK:  Okay.
8          THE COURT:  And I agree with defendants' counsel
9  that he still hasn't run a search for the terms that they
10 justifiably want run.
11         MR. KOVALICK:  Okay.  And all we need then is those
12 terms because we took the terms they sent us--
13         THE COURT:  Well, maybe all you need--  He has had
14 the terms.  And he hasn't done it.
15         So, I think what you need is an order from me, which
16 I am getting ready to give you.  And the order is going to say
17 that he has to search--  Is everybody agreed that we are
18 dealing with one hard drive here?  He still--
19         MR. KOVALICK:  That I don't know, Your Honor.  I
20 suspect that's accurate though.
21         MR. FARR:  Your Honor, no, we don't know that.
22 We've assumed it's one, but it could be more with backup
23 tapes.  We understand he kept all of his Netscape files with
24 him.
25         THE COURT:  Well, I am going to require that he

1   search his records, defined in the broadest sense, any

2   electronic--  I am showing my age here.  I still use the term

3   "record."  We are talking about ESI.

4           He has to search all of his ESI for all of the terms

5   that defendants have requested be run against all that media.

6           MR. KOVALICK:  Okay.

7           THE COURT:  And anything that you and he think, it

8   has to be both of you, think is inappropriate to turn over

9   because it's personal in nature or would be embarrassing or is

10  otherwise subject to a Rule 26(c) protective order, you can

11  submit to me in camera.

12          You can tell him that I too remember what it was

13  like to be in my twenties, and I appreciate his concern, but

14  defendants are entitled to defend this case on the facts, and

15  the case is going to be litigated on the relevant facts.

16          MR. KOVALICK:  I fully agree.  We have not been

17  withholding any--

18          THE COURT:  All right.  Well, you explain that to

19  your client however you want to explain it to him.

20          MR. KOVALICK:  Yes.

21          THE COURT:  I would expect that all that can be

22  accomplished before the end of next week so that you can have

23  in my chambers for any in camera review that I need to do

24  anything that's responsive but as to which he wants a Rule

25  26(c) protective order.  And I will deal with it.

1    MR. KOVALICK:  Okay.  I appreciate that, Your Honor.
2    Now, I mean, he has produced documents.
3    THE COURT:  I understand that.
4    MR. KOVALICK:  Okay.
5    THE COURT:  I understand the situation.
6    MR. KOVALICK:  Okay, very good.
7    THE COURT:  He has got to run, and at this point I
8    mean rerun all those terms against all of his ESI.
9    MR. KOVALICK:  Very good.
10   THE COURT:  Okay.
11   MR. KOVALICK:  Yes, sir.
12   THE COURT:  All right.
13   MR. FARR:  Your Honor, thank you, that's very
14   helpful.  Could I just seek a couple of clarifications?
15   THE COURT:  Okay.
16   MR. FARR:  Could we resubmit to them, given that I
17   believe there may have been some confusion or we're not sure
18   what searches--
19   THE COURT:  I think that's a good idea.
20   MR. FARR:  Let's send them the search terms we want
21   again.  I understand Your Honor is not going to order the
22   inspection.  If we resend, at this point if we resend the
23   terms and he runs those terms, I think that would be very
24   helpful.
25   THE COURT:  Give him today --

```
 1            MR. FARR:  We will.
 2            THE COURT:  -- the definitive aggregated list of the
 3   search terms.
 4            MR. FARR:  Very well, Your Honor.  Thank you.
 5            THE COURT:  All right.  All right.
 6            MR. KOVALICK:  Thank you, Your Honor.
 7            THE COURT:  The motion is granted.
 8            MS. COSTIN:  Your Honor, can I have a one
 9   housekeeping term, totally unrelated to them?
10            THE COURT:  All right.
11            MS. COSTIN:  It involves the pretrial conference
12   that's set for September 25.  Would we had the continued
13   rescheduling conference in July, Your Honor had expressed the
14   fact that at the pretrial conference we may only be discussing
15   a trial date and may not be exchanging a list of witnesses and
16   exhibits.  But there was never an order discussing that.
17            Will we be exchanging witnesses and--
18            THE COURT:  No.  And I didn't think I needed an
19   order.  Just tell Judge Ellis that I told you that under the
20   circumstances you didn't need to do the usual submissions at
21   that time.
22            But by way of additional clarification, by that time
23   I would expect everything to be sufficiently close to wind-up
24   so you all could agree on an orderly schedule based on the
25   trial date in which you could get all of that taken care of on
```

8

1  on through the objections to each other's submissions.
2              MS. COSTIN:  Understood, Your Honor.
3              THE COURT:  Okay.
4              MS. COSTIN:  Great.  Thank you.
5              THE COURT:  All right.
6              MR. FARR:  Thank you, Your Honor.
7              MR. KOVALICK:  Thank you.
8              THE COURT:  Thank you.
9              NOTE:  The hearing at concluded 10:35 a.m.
10       --------------------------------------------------
11
        C E R T I F I C A T E  of  T R A N S C R I P T I O N
12
13         I hereby certify that the foregoing is a true and
14  accurate transcript that was typed by me from the recording
15  provided by the court.  Any errors or omissions are due to the
16  inability of the undersigned to hear or understand said
17  recording.
18         Further, that I am neither counsel for, related to,
19  nor employed by any of the parties to the above-styled action,
20  and that I am not financially or otherwise interested in the
21  outcome of the above-styled action.
22
23                           /s/ Norman B. Linnell
24                          Norman B. Linnell
25                          Court Reporter - USDC/EDVA