IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

NETSCAPE COMMUNICATIONS CORP., )
    Plaintiff, )
     )
v. ) No. 1:09cv225
     )
VALUECLICK, INC., et al., )
    Defendants. )

## ORDER

The matter is before the Court to resolve the parties' various motions for summary judgment. For the reasons stated in the accompanying Memorandum Opinion of January 29, 2010, and for good cause,

It is hereby **ORDERED** that plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**, as follows:

- **DENIED** with respect to defendants' on-sale bar invalidity defense;

- **GRANTED** with respect to defendants' public use invalidity defense;

- **GRANTED** with respect to defendants' inventorship invalidity defense;

- **GRANTED** with respect to defendants' equitable estoppel equitable defense;

- **DENIED** with respect to defendants' implied waiver equitable defense; and

- **GRANTED** with respect to the defense that defendants' state law counterclaims are preempted, and as such defendants' counterclaims are **DISMISSED**.

Plaintiff's motion is **DEFERRED** with respect to defendants' prior art invalidity defense pending further briefing.

It is further **ORDERED** that defendants' motion is **GRANTED IN PART** and **DENIED**

IN PART, as follows:

- **GRANTED IN PART** with respect to the invalidity defense that claim 1 of the '670 patent is invalid under the on-sale bar, and **DENIED IN PART** with respect to the invalidity defense that claims 2-10 and 14-26 of the '670 patent are invalid under the on-sale bar;

- **DENIED** and **DISMISSED** with respect to the invalidity defense that claims 9, 10, and 14 are fatally indefinite;

- **DENIED** with respect to the equitable defense of implied waiver;

- **DENIED** with respect to the equitable defense of laches;

- **DENIED** with respect to non-infringement of claims 1-8 under any claim construction;

- **DENIED** with respect to non-infringement of claims 1-10 and 14-26 under defendants' proposed *Markman* claim construction; and

- **GRANTED** with respect to the absence of willful infringement, and as such plaintiff's claim for willful infringement is **DISMISSED**.

Accordingly, with respect to the claims and defenses subject to the parties' various motions, with the exception of the prior art invalidity defense, it remains to litigate at trial the following issues, in addition to the issues asserted in the pleadings but not raised on summary judgment:

- whether the § 102(b) on-sale bar invalidates claims 2-10 and 14-26 of the '670 patent;

- whether plaintiff impliedly waived its right to enforce the '670 patent by breaching a standards-setting organization's disclosure obligations;

- whether the equitable doctrine of laches bars enforcement of the patent; and

- whether, pursuant to various methods, defendants infringe the '670 patent under claim constructions adopted in *Netscape Commc'ns Corp. v. ValueClick, Inc. (Netscape I)*, --- F. Supp. 2d ----, 1:09cv225 (E.D. Va. Oct. 22, 2009) (Mem. Op.).

The remaining issues subject to the various motions for summary judgment do not raise triable

issues of fact and therefore are resolved on summary judgment. Accordingly, these issues may not be litigated further at trial.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
January 29, 2010

/s/
_____
T. S. Ellis, III
United States District Judge